## MOBLEY RHONE ET AL. *v.* BENJAMIN T. ELLIS.

The 45th section of the act to regulate proceedings in the district court authorizes the plaintiff to discontinue as to defendants not served; and the 47th section says: "But only one final judgment shall be given in the suit." (Paschal's Dig., Arts. 1448, 1450, Notes 553, 555.)

Where R, A, and H were all sued, and R and H acknowledged service, but there was neither citation nor acknowledgment as to A, it was error to render judgment against the defendants without having discontinued as to A; and, R and H having prosecuted error, the judgment was reversed as to all.

ERROR from Houston. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

Shirley sued Rhone, Adair, and Hail; Rhone and Adair acknowledged service. There was no process, acknowledgment, or appearance as to Hail. Judgment against the "defendants" by default. Rhone and Adair sued out a writ of error, in which they assign generally, that the judgment was contrary to law and evidence. The plaintiffs in error did not appear.

*W. A. Stewart,* for defendant in error, suggested delay.

MOORE, C. J.—This suit was brought by the plaintiff in error in the district court against Rhone, Adair, and Hail;

the first two of whom accepted service. And the judgment from which this writ of error is prosecuted was rendered against them by default. But as to Hail, who is made in the petition a joint defendant, the record discloses neither a judgment, discontinuance, service, or citation. It is plainly and positively declared by statute, that there shall be but one final judgment in any case; and writs of error can be prosecuted to this court only on the final judgments of the district court. Evidently, a judgment of that court is not final unless there is an adjudication by the court in respect to all the parties against whom there is a joint cause of action and prayer for relief disclosed in the petition.

There being no final judgment in this case, it is ordered that the writ of error be dismissed, and the cause stricken from the docket at the cost of the plaintiffs in this court.

DISMISSED.