44 147,
82 422

AMANDA ANDERSON AND HUSBAND v. JOHN WEBB.

VERDICT—CROSS BILL.—Where the pleadings show a claim by plaintiff for specific articles and damages for their conversion and a cross bill by defendant claiming the same and praying that the title to certain lands and a judgment be divested out of plaintiff and vested in defendant, a general verdict "for the defendant" is not sufficient as a basis of a decree in favor of the defendant upon the cross bill.

ERROR from Henderson. Tried below before the Hon. J. G. Scott.

April 5, 1871, Amanda Anderson and her husband, B. F. Anderson, brought suit against John Webb, alleging that Amanda, upon the death of W. D. Webb, her first husband, whose sole heir she was, became the owner of certain property of which her deceased husband was seized, consisting of mules, hogs, stock cattle, work oxen, horses, wagons, five bales cotton, money, notes, and a judgment, some of which was her separate property and the balance community, and that soon after the death of her said husband the defendant, on June 1, 1869, illegally and fraudulently entered the dwelling house and upon the premises of plaintiff and seized and dispossessed her of said mules, cattles, hogs, oxen, wagons, horses, cattle, corn, money, notes, and judgment, * * with intent fraudulently and wrongfully to deprive plaintiff of her said property, * * and still holds possession of said property to her damage $15,000, and praying judgment for the property, or the value thereof, damages, &c.

The defendant pleaded a general denial, and specially that the money, notes, and judgment described in the petition were and are the property of certain minors, Mary Ann and John Ledbetter, of whom the deceased, W. D. Webb, was guardian at his death; that deceased had no interest therein except as guardian; that he never at any time took or had possession of any of the mules, &c., except as directed by the plaintiff, and at her request, and then only to dispose of them for her and her accommodation; that he never sold any of said property but as by her directed and for her use and benefit, and that he accounted to her for all he had sold, and annexed to his answer was an exhibit claimed to show the disposition of the property.

July 15, 1872, the minors, Mary Ann and John Ledbetter, by their guardian, the defendant, intervened, claiming

that all the notes, accounts, money, and the judgment described in the petition were their own property, and held by the deceased as their guardian for their use, and that their present guardian, defendant, held the same for their use.   By cross bill intervenors claimed that certain lands (which were described) purchased at different times by the deceased had been purchased with the money of the invervenors, his wards, and title thereto taken in his own name, but which were held by him for their use and benefit; that at the death of W. B. Webb he was largely indebted to intervenors for moneys by him collected as their guardian, and that after his death the plaintiff, for the purpose of securing their payment, authorized the defendant, who was the brother of deceased and uncle of intervenors, to take and sell the said property.

Accompanying the plea was filed a written power of attorney from plaintiff to defendant, authoriziug defendant to sell the property of the estate and to settle the debts owing, which power, however, in specifying the items, did not include all claimed in the petition or in the report of the defendant filed as a report of his acts with his answer.

The plea further averred that, under the power of attorney and in the presence of plaintiff, the defendant had made the sales as reported by him, and had applied the proceeds, in accordance with her directions, in settlement of the debts of her deceased husband.   The plea in intervention was full in setting out items of indebtedness, &c., and judgment was asked quieting their title to the notes, the judgment, and in the tracts of land, and after allowing all just credits from the proceeds of the property sold by their guardian of the estate of W. D. Webb, that intervenors have judgment for the remainder due them, with interest from the time the funds were collected by the deceased.

By averment plaintiff set forth distinctly what of the property described in the petition was claimed as her separate property.

The statement of facts was not certified to by the judge. It appears that the parties could not agree, and the judge excused himself from making a statement of facts upon the grounds that the disagreement was not known to him until about two hours before the close of the term.

At November Term, 1872, a trial was had, and the verdict of the jury was as follows: "We, the jury, find for the defendant."

Upon this verdict judgment was rendered that plaintiffs take nothing by their suit, and that defendant, as guardian of the estates of Mary Ann and John Ledbetter, recover of the plaintiff, Amanda Anderson, widow and sole heir of W. D. Webb, the title to the judgment described in the petition and the tracts of land described in the cross-bill, and costs of suit.

Motion for new trial was overruled, and the plaintiffs below by writ of error brought the case to this court.

*Robertson & Herndon*, for plaintiffs in error.

*T. J. Word*, for defendant in error.

GOULD, ASSOCIATE JUSTICE.—The pleadings in this case presented two distinct issues: 1st. Were the plaintiffs entitled to recover the articles sued for, or damages for their conversion. 2d. Were the intervenors or defendant as their guardian entitled to the relief asked for, to wit, that the right and title to certain lands and judgments be divested out of plaintiffs and vested in them.

The jury were instructed that if they found the lands were really the property of the minors to find for the defendant, and they were not instructed in what way to form their verdict on the first issue. If that issue were found for the defendant the natural form of the verdict would be simply to find for defendant. The verdict brought in was: "We, the jury, find for the defendant." This verdict is responsive to either of the issues submitted, but it does not appear

to which issue the jury intends to respond, nor that it was their intention to respond to both issues. It is impossible to pronounce this a sufficient finding for the defendants on both issues.

Assuming even that the court committed no material error in disregarding the minors, intervenors, and submitting the case as if a verdict for their guardian was properly a verdict for them, it is still uncertain what issue was really passed upon by the jury.

The court, however, proceeded to render judgment on both issues, that plaintiffs take nothing by their suit, and that defendant as guardian of the minors, intervenors, be invested for their benefit with the title to certain lands and judgments, which title is divested out of plaintiffs.

Under the pleadings the verdict does not constitute a legal basis for this judgment, and the judgment must for that reason be reversed. (Phillips v. Hill and Wife, 3 Tex., 397; May v. Taylor, 22 Tex., 348; Bledsoe v. Wills, 22 Tex., 651.)

The conclusion at which we have arrived renders it unnecessary to notice other questions presented in the record.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.