STEPHENSON & ADAMS V. TENNANT, WALKER & CO.

(No. ——, Op. Book No. 2, p. 33.)

ERROR from Anderson County. Opinion by ECTOR, P. J.

1w273
§ 543
17a 320

§ **543.** *To be final, the judgment must dispose of all the parties to the suit.* Stephenson & Adams were sued as partners. Citation was issued against each. Both were served, but the service on Stephenson was on the day of meeting of the court, and too late to perfect service for that term as to him individually. There was no appearance made by the firm or either partner. Judgment was rendered against the partnership firm of Stephenson & Adams, and against Adams individually. There was no discontinuance as to Stephenson individually, and no final disposition of the case as to him. Evidently the judgment is not a final one. [Rhone v. Ellis, 30 Tex. 30.] The statute in force at the time judgment was rendered positively declared that there shall be but one final judgment in any case [Pas. Dig. art. 1450], and writs of error can only be prosecuted from final judgments. In suits against partners the citation may be served upon one of the firm, and such service is sufficient to authorize a judgment against the firm and the partner actually served with citation. But a final judgment cannot be taken against the firm, and against only one of the partners, without disposing of the case as to the other partner, as in this case, where both have been served.

October 11, 1879.          Writ of error dismissed.