JOSEPH FREIBERG V. BEN FREIBERG ET AL.

No. 6262.

1. **Evidence.**—When a conspiracy to defraud is relied upon to invalidate a claim the declarations of one charged with being a co-conspirator made long anterior to the formation of the conspiracy are not admissible in evidence against a third party.

2. **Evidence.**—In a contest between attaching creditors, when those claiming under junior attachments set up fraud and conspiracy between the creditor first attaching and the debtor, the declarations of the defendant debtor as to his financial condition made after the suit by attachment was brought are not admissible. Neither can the claimant under the first attachment show, as against other creditors attacking his attachment for fraud, the declarations of the alleged debtor made prior to the bringing of the suit.

3. **Fraud—Charge.**—See opinion questioning the propriety of a charge which designates what would constitute badges of fraud, even when coupled with a further charge directing the jury to look to all the evidence and determine therefrom whether fraud existed.

4. **Attachment.**—Though an attaching creditor seeking in good faith the enforcement of a claim which he believes is due him may have his attachment lien foreclosed for the amount justly due though less than that claimed, yet this rule will not apply as against a subsequent attaching creditor who seeks to avoid the prior attachment on the ground that it was issued to enforce a claim fictitious and fraudulent in whole or in part.

5. **Attachment.**—An attaching creditor who fraudulently seeks to enforce a claim for a larger amount than is due him, though part of his claim may be just, can recover nothing as against a creditor subsequently attaching the same property and who seeks the collection of an honest debt.

APPEAL from Johnson. Tried below before Hon. J. M. Hall.

The opinion states the case.

*C. W. Jordan* and *Hunter & Stewart*, for appellant. — 1. The declara-

tions of Ben Freiberg, the defendant, or T. H. Griffin, made either before or after the institution of this suit or before or after the execution of the note sued on, were inadmissible to affect or prejudice the rights of the plaintiff, he not being present when such supposed declarations were made nor in any manner shown to have ratified the same, and the court ought to have excluded such evidence. Thompson v. Herring, 27 Texas, 285; Garrahy v. Green, 32 Texas, 202; Schmick v. Noel, 64 Texas, 406.

2. The court erred in not allowing plaintiff to prove by Laski that in 1882, when Ben Freiberg received some clothing by express, he stated to witness that the clothing was sent by his brother Joseph Freiberg, who was representing a large clothing house and was furnishing all of his clothes and had been for a long time, this evidence being offered to show a part of the consideration of plaintiff's debt, these statements being made on receiving the goods as to how he received them, were a part of the *res gestæ* and being admissible, made by defendant against his own interest and too long before for the fraud charged then to have been in contemplation. Blum v. Bassett, 67 Texas, 194.

3. To warrant the court in charging that a certain circumstance is a badge of fraud it must be so strong as to make the transaction prima facie fraudulent and avoid the transaction unless the whole matter is fully and satifactorily explained. Secret transactions between relatives where one is in failing circumstances, the antedating of written instruments, conveyance of the whole estate, and contradictory statements of one in failing circumstances as to his business, may be under certain conditions circumstances tending to show fraud, but certainly not within themselves badges amounting to fraud prima facie, and the court egregiously erred in so charging the jury. Rosenthal, Meyer & Co. v. Middlebrook, 63 Texas, 334; Medlin v. Wilkins, 60 Texas, 409.

4. If the evidence showed that plaintiff's debt was a valid one against the defendant, but for a less amount than that claimed in his petition, then he was entitled to judgment and a foreclosure of his attachment lien for the amount found to be justly due, and the fact that he claimed more than was due him and had attached for the amount unjustly claimed as well as the other could in no way affect his right to recover for the sum justly due, and the court seriously erred in charging otherwise. Pitkins v. Johnson, 2 S. W. Rep., 459; Andrews v. Coffman, 60 Ga., 669; Waples on Att., 485.

*Poindexter & Padelford* and *Crane & Ramsey*, for intervenors. — 1. The court did not err in admitting the declarations Ben Freiberg made in the absence of plaintiff to the effect that he owed plaintiff nothing, because the facts show that at said date and long before and after said date a conspiracy existed between plaintiff and said Ben Freiberg to defraud the creditors of defendant, and because the facts show that Ben

Freiberg was acting as agent of his brother Joseph, and procured himself to be attached by his said brother. Brown v. Chinoworth, 51 Texas, 469; Henson v. Walker, 65 Texas, 103; 2 Whart. on Ev., sec. 1205; Lincoln v. Claflin, 7 Wall., 138, 139; The People v. Mather, 4 Wend., 261; Abbott's Trial Ev., sec. 9, p. 190; Id., sec. 13, p. 621; Id., sec. 10, pp. 740, 741.

2. A prima facie case of fraudulent conspiracy between Joseph Freiberg and Ben Freiberg being shown, it was not error for the court to admit the declarations of Ben Freiberg, one of the conspirators, tending to show the fraudulent character of the claim sued upon. 1 Greenl. on Ev., sec. 111, pp. 141, 142, and authorities cited; 2 Whart. on Ev., sec. 1205; Wait on Fraud. Con., secs. 281, 282.

3. . Secret transactions between relatives in failing condition are badges of fraud, and the fact that the debt sued upon by plaintiff was denied by defendant and concealed from his creditors by both himself and his brother rendered the charge complained of a proper one to be given to the jury. Wait on Fraud. Con., sec. 234.

4. If the court committed any error in calling attention to the badges of fraud the error was corrected in that part of the charge immediately following the part complained of, in which the jury were told that whether such acts prove fraud in any particular case is a question of fact for the jury, to be determined by them under all the facts in evidence in each particular case.

5. The tenth paragraph of the court's charge was not error, for the reason that if the note sued upon was executed in part for a valuable consideration and in part for a fictitious and simulated consideration for the purpose of hindering, delaying, and defrauding the creditors of Ben Freiberg, the defendant, then that part of the note which was illegal and fraudulent corrupted the whole, and no part of it is recoverable. Wegner Bros. v. Biering & Co., 65 Texas, 506.

STAYTON, CHIEF JUSTICE.—This action was brought by appellant against Ben Freiberg to recover a sum alleged to be due on a promissory note executed by the latter to the former.

An attachment was sued out and levied on a stock of goods. Afterwards Joseph H. Brown and Freiberg, Klein & Co. each caused the same property to be attached to secure debts due to them by Ben Freiberg, and having obtained judgments each intervened, alleging the existence of their judgments against Ben Freiberg just, due, and unpaid; the insolvency of Ben Freiberg; that the claim of appellant was fictitious and fraudulent, and asserted in this case through attachment for the purpose of defeating them in the collection of the sums due; and their prayers were that the attachment lien served by appellant might be adjudged of no effect as to them, and that the proceeds of the attached prop-

erty be applied to the payment of the sums due each of them in the order of their priority of time.

The real controversy was as to the real existence of the debt claimed by appellant, which he contended was mostly for money loaned by him to his brother, the defendant.

With a view to show the improbability of this and to show that appellant's claim and attachment were fraudulent, one of the intervenors, over the objection of appellant, was permitted to state that some considerable time before this action was brought, when pressing Ben Freiberg for the payment of debt due his firm, he was told by him as a reason why he could not pay that appellant was a poor man with a family to support and that he was compelled to furnish him with money with which to support himself and family; and further, that defendant Ben Freiberg told him after this action was brought that he had fifteen hundred dollars; and further, that one Griffin, who sued out an attachment and caused it to be levied on goods of defendant about the same time appellant's attachment was levied, told the witness that he did not authorize any suit to be brought in his name against Ben Freiberg and did not know how much his action was for.

The ruling of the court below in these respects is assigned as error.

It is too clear that the declarations of Ben Freiberg as to his brother's financial condition, made long before there is any evidence tending to show the existence of a conspiracy between the brothers to defraud the creditors of the defendant, ought not to have been received against appellant.

It is equally clear that Ben Freiberg's statement as to his own financial condition, made after this action was brought, ought not to have been received against appellant; and it would be hard to conceive any plausible ground on which the declaration of Griffin would have been admissible.

The facts which were sought to be shown by these declarations may have been admissible, but they could not be legally proved in that manner.

Appellant proposed to prove, in order to show the indebtedness of Ben Freiberg to him, that some years before this action was brought, on receiving some articles of clothing by express, intended, as we understand, for his personal use, Ben Freiberg stated to the witness that he received these things from appellant, who was representing a clothing house and was and for a long time had been furnishing all his clothes.

This evidence was properly rejected.

If any part of the debt claimed by appellant thus arose this fact might have been proved by any person cognizant of that fact, but it could not be proved by the declaration of Ben Freiberg as against appellees, and there was no controversy between Ben and Joseph Freiberg.

The former did not testify at all on the trial.

The court below in its charge instructed the jury that such transactions as were therein referred to were usually regarded as badges of fraud, but informed the jury that the existence of fraud or no should be ascertained from all the facts in evidence.

While there may have been ample evidence to authorize a finding that the claim asserted by appellant was simulated, and urged through attachment for the purpose of defrauding the creditors of Ben Freiberg, it may be doubted if it was such as to justify the court in enumerating given transactions as badges of fraud. Their enumeration was calculated to induce the jury to believe that in the opinion of the court there was evidence sufficient to justify a finding that the transactions declared to be badges of fraud occurred.

The enumeration of facts and a declaration that they are badges of fraud should not be made in a charge to a jury if there be a controversy arising from the evidence as to the existence of the enumerated facts, and it may be questioned even when the facts are uncontroverted whether under the statute which forbids a charge upon the weight of evidence such a charge should be given in any case, even if coupled with a further charge directing the jury to look to all the evidence and therefrom to determine whether fraud existed.

The court gave the following charge:

"You are further instructed that if you believe that Ben Freiberg was indebted to plaintiff Joseph Freiberg, but that said indebtedness was for a less sum than the amount sued for and upon which the writ of attachment was issued in favor of Joseph Freiberg, and if you further believe that said writ of attachment was sued out upon a greater sum than the defendant Ben Freiberg owed Joseph Freiberg, if he owed him anything, and that the same was done for the purpose of hindering and delaying the creditors of Ben Freiberg, if any he had, in the collection of their debts or for the purpose of defrauding the creditors, if any, out of their debts, then in case you so believe you will find for intervenors and so say by your verdict."

It is urged that this charge was erroneous, and appellant makes the following proposition:

"If the evidence showed that plaintiff's debt was a valid one against the defendant, but for a less amount than that claimed in his petition, then he was entitled to judgment and a foreclosure of his attachment lien for the amount found to be justly due, and the fact that he claimed more than was due him and had attached for the amount unjustly claimed as well as the other could in no way affect his right to recover for the sum justly due, and the court seriously erred in charging otherwise."

This proposition would be correct in a case in which a creditor was honestly seeking to enforce a claim for more than was due him through mistake or other cause not fraudulent, but it does not find just application

in a case in which a creditor subsequently attaching the same debtor's property is seeking to avoid a prior attachment on the ground that it was issued and levied to enforce a claim simulated in whole or in part.

There are expressions in the case of Pitkins v. Johnson which may seem to hold a contrary opinion, but they were not called for by the facts of the case, the entire claim on which the attachment was based having been found just.

An attachment issued on a claim entirely simulated would be void as to other attaching creditors, and if it be issued on claim in part real and in part ficticious, and known to be so, the same reasons which induce the holding that a contract based on a consideration in part illegal is void in toto—with another, if possible stronger still—would require the holding that an attachment so issued and levied to enforce the payment of a claim known to be ficticious, even in part, is voidable by any other creditor subsequently attaching the same property.

A contract based in part on illegal consideration is held void on grounds of public policy, into which the necessity for protecting directly the rights of third persons may not enter, and the same grounds apply with all their force in a case in which the process provided by law for the enforcement of just claims is prostituted to a dishonest purpose.

The additional reason for holding an attachment void when issued to enforce a claim even in part ficticious is found in the fact that its purpose and effect is to defeat just claims of other creditors. .

When the effect of the enforcement of a lien sought to be created for such a purpose would be to hinder, delay, or defraud other creditors to any extent, courts ought not to enter into an inquiry whether the guilty party might have legally procured and enforced an attachment to secure the debt actually due to him and to that extent hold the attachment valid, but ought to hold that it is invalid in toto as to other creditors.

We may say in this case, as was said in the Supreme Court of Massachusetts, the proposition contended for "amounts to this, that a man having a just claim to a smaller sum who should fraudulently bring forward claims to a much larger amount not due and who should be detected should be put in as good a condition at least as if he had not mixed the good and the bad together and consolidated the whole into a judgment. We think the law is directly the reverse and that the fraud corrupts and destroys the whole." Fairfield v. Baldwin, 12 Pick., 397; Page v. Jewett, 46 N. H., 445; Hale v. Chandler, 3 Mich., 540; Davis v. Eppinger, 18 Cal., 379; Gibbons v. Bressler, 61 Ill., 110; Johnson v. Heidenheimer, 65 Texas, 263; Drake on Att., 273–289; Wade on Att., 221.

There are some other matters presented by assignments which, however, will probably not occur upon another trial and need not now be considered.

It may be that the result would have been the same had not the errors

to which we have referred been committed, but we have no means of ascertaining that fact, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 24, 1889.