### H. C. F. DODD, JR., ET AL. v. ED. P. GAINES.

#### No. 3082.

1. **Verdict Imperfect.** — Suit against a sheriff and his sureties for damages for seizure and sale under attachments of a stock of goods. The sheriff having had indemnity bonds from the attaching creditors, made them parties, asking judgment over against them should the plaintiff recover. The verdict was as follows: "We the jury find for plaintiff E. P. Gaines the sum of $519.29, principal and interest, as follows: $291.80 principal and $45.39 interest, making in all $337.19 against George K. Hopkins & Co.; and against A. B. Richards & Co. $157.51 principal and $24.59 interest, making in all $182.10." Upon this verdict the court entered judgment for plaintiff Gaines against the sheriff and the sureties on his official bond for $519.29, and in favor of the sheriff against Hopkins & Co. for $337.19, and against Richards &. Co. for $182.10. On appeal by the sheriff and his sureties, *held*, that the verdict was defective in not finding the issue of Dodd's liability to the plaintiff, nor of liability to him by his indemnitors. This omission is fatal to the judgment.

2. **Fraudulent Sale—Notice by Purchaser.**—It appearing that a sale was made by an insolvent debtor for a valuable consideration, upon an attack upon the validity of the transaction the court charged the jury: "In order to invalidate the sale it must further appear from the evidence that the plaintiff at the time he bought and paid for the goods had notice of such intent (to hinder, delay, or defraud his creditors) on the part of his seller, or that he had a knowledge of facts or circumstances such as would have put an ordinarily prudent man upon inquiry, which by the use of proper diligence on his part would have led to a knowledge of such intention on part of the seller." The court further instructed, that if plaintiff "knew of such facts or circumstances as would have put a man of ordinary prudence upon inquiry, and which by the use of ordinary diligence on his part would have led to a knowledge that such was the intention of Christian (the seller) in selling the goods, then such sale would be fraudulent and void." *Held*, that the charge was correct and sufficient.

3. **Duty to Make Inquiry.**—If the vendee from an insolvent debtor knows nothing that would cause a reasonably prudent man to inquire as to fraud on part of his vendor, etc., he (the purchaser) would not be bound to inquire, nor would he be charged with notice.

4. **Payment by Promissory Note.** — A promissory note made in good faith, or the transfer of a negotiable note, is as effectual as a payment of the same amount in cash to prove a purchase for value.

APPEAL from Red River. Tried below before Hon. E. D. McCLELLAN.

The opinion states the case.

*Todd & Hudgins,* for appellants.—1. In case of a transfer of personal property with fraudulent intent, under the statute of frauds the transaction is void on the part of the vendor if the vendee by the use of ordinary prudence or diligence might have discovered the vendor's fraudulent intentions; and the vendee will not be permitted to close his eyes to facts and circumstances showing the fraudulent intent which are readily within reach and at his disposition. The vendee must investigate with ordinary prudence. Humphries v. Freeman, 22 Texas,

50; Garahy v. Bayley, 25 Texas Supp., 294; Traylor v. Townsend, 61 Texas, 144; Blum v. Simpson, 66 Texas, 84; Seligson v. Brown, 61 Texas, 180.

2.   A person will not be permitted to purchase the property of an insolvent who sells with fraudulent intent, and in consideration pay the value thereof to such a vendor in money and negotiable notes without providing for their application to the claims of creditors; thus facilitating an exchange of property which creditors of the vendor could have subjected to their debts for that which is beyond their reach either by execution or garnishment.   Seligson v. Brown, 61 Texas, 182; Clements v. Nicholson, 6 Wall., 299.

3.   If the vendor sold the property for the purpose of fraudulently placing it beyond the reach of his creditors, and at that time was indebted to Hopkins & Co. and Richards & Co., and if the vendee Gaines knew of such indebtedness, or by the exercise of ordinary diligence might have so known, and also known of the fraudulent intent on his vendor's part, and under the circumstances paid into his vendor's hands cash and negotiable paper in consideration of the purchase, then the transaction was void as to creditors.   Seligson v. Brown, 61 Texas, 180; Humphries v. Freeman, 22 Texas, 50; Garahy v. Bayley, 25 Texas Supp., 294; Blum v. Simpson, 66 Texas, 84; Traylor v. Townsend, 61 Texas, 144.

4.   The judgment of the court must correspond with the verdict, and the jury having found no verdict against these appellants, it was error to enter any judgment against them.   Sayles' Civ. Stats., art. 1335, and note 3; Bledsoe v. Wills, 22 Texas, 650; May v. Taylor, 22 Texas, 349; Anderson v. Webb, 44 Texas, 147; Kerr v. Hutchins, 46 Texas, 384; Huyler v. Dahoney, 48 Texas, 234; Moore v. Moore, 67 Texas, 297; Blum v. Rogers, 71 Texas, 668; Railway v. Hathaway, 75 Texas, 557; Thomas v. Chapman, 62 Texas, 193.

*Sims & Wright*, for appellee.—1.   The charge of the court should be considered as a whole, and if taken together it presents the law of the case, it will be sustained.   Railway v. Wright, 62 Texas, 515; Rosenthal, Meyer & Co. v. Middlebrook, 63 Texas, 334; Freiberg v. Johnson, 71 Texas, 558; Railway v. Douglas, 73 Texas, 325; Moore v. Moore, 73 Texas, 382; Pridham v. Weddington, 74 Texas, 354; Rousel v. Stanger, 73 Texas, 670.

We further submit that the charge taken together fairly and fully presents the law of the case.   Traylor v. Townsend, 61 Texas, 146; Blum v. Simpson, 66 Texas, 84; Freiberg v. Freiberg, 74 Texas, 126; Mack v. Block, 8 S. W. Rep., 497; Freiberg v. Johnson, 71 Texas, 558; Tuteur v. Chase, 6 South. Rep., 241.

2.   Money and negotiable promissory notes constitute "a valuable consideration."   Weaver v. Nugent, 72 Texas, 272.

3.   The verdict is sufficient to sustain the judgment, and in view of the pleadings is correct.   Traylor v. Townsend, 61 Texas, 148; Newcomb v. Walton, 41 Texas, 318; Patterson v. Allen, 50 Texas, 23.

COLLARD, JUDGE, *Section A.*—This suit was brought by the appellee Ed. P. Gaines for $1000 damages, against H. C. F. Dodd, sheriff of Red River County, and the sureties on his official bond, alleging the wrongful seizure and conversion by the sheriff and his deputies of a certain stock of drugs and goods belonging to plaintiff.   The sheriff Dodd and his sureties answered by general denial, and specially that the goods taken were the property of G. W. Christian, defendant in two attachment writs sued out against him by George K. Hopkins & Co. and A. B. Richards & Co.; that they were levied on as the property of Christian, and were subject to the levy; also, that they had been transferred by Christian to Gaines prior to the levy with the intent to hinder, delay, and defraud the creditors of Christian, which intent was known to Gaines, or by the exercise of reasonable diligence ought to have been known to him.   The sheriff Dodd and his sureties further set up that he was indemnified by Hopkins & Co. and Richards & Co. by their respective bonds of indemnity, asked that they and their sureties be made parties defendant; and that if plaintiff should recover against him he prayed for judgment over against his indemnitors.   The attachment of Hopkins & Co. was for $312.90 sued out of the County Court, and that of Richards & Co. was for debt of $112.37 sued out of a Justice Court.   Plaintiffs in the attachment suits answered separately, setting up the same defenses against Gaines as were pleaded by the sheriff, and further alleged that they had prosecuted their suits against Christian to judgment and had foreclosed their respective attachment liens on the goods.

Upon the trial in the court below the jury returned the following verdict:   "We the jury find for plaintiff E. P. Gaines the sum of $519.29, principal and interest, as follows: $291.80 principal and $45.39 interest, making in all $337.19 against George K. Hopkins & Co., and against A. B. Richards & Co. $157.51 principal and $24.59 interest, making in all $182.10."

Upon this verdict the court entered up a judgment in favor of the plaintiff Gaines against the sheriff Dodd and the sureties on his official bond for the sum of $519.29, and in favor of Dodd and bondsmen against Hopkins & Co. for $337.19, and against Richards & Co. for $182.10.

Dodd and sureties filed a motion asking that judgment be entered in their favor non obstante veredicto, also motions in arrest of judgment and for new trial, all of which motions were overruled.   Dodd and his sureties have appealed and assigned errors, one of which is that the

pleadings do not support the verdict and the verdict does not support the judgment, stating the particulars of disagreement.

We think the assignment is well taken. If a verdict expresses the findings of the jury upon the issues and facts its form will be immaterial. It has been decided in this State that a verdict should be liberally construed, "so that it will stand rather than fall;" and that it will be presumed to have expressed the findings of the jury with reference to the pleadings, the facts, and the charge of the court. This was said in a case where the issues were indebtedness or not, and whether there was a vendor's lien to secure it, the verdict being as follows: "We the jury find that plaintiff, Mrs. W. P. Allen, shall recover from the defendants, John Patterson et al., the sum of $552 (552 currency dollars), this being the original amount sued for, with 10 per cent interest on the same to date. We also find that the entire tract of land sold by J. R. Allen, deceased, be and the same is hereby subject to the payment of this debt." The verdict was informal, but it was held "to have sufficient certainty to enable the court to ascertain the meaning of the jury to be that the consideration of the claim sued on was the land which they found subject to its payment. Patterson v. Allen, 50 Texas, 26, 27. There are other cases in this State holding that the meaning of the verdict may be arrived at by reference to the pleadings, upon which judgment may be entered. Traylor v. Townsend, 61 Texas, 145; Newcomb v. Walton, 41 Texas, 318. But we know of no case where it is held in this State that a verdict which omits to find upon an issue made will support a judgment on such issue. A verdict failed to find a mortgage lien; the judgment could not decree the lien. Bledsoe v. Wills, 22 Texas, 651; May v. Taylor, Id., 349. There is no need of a verdict to find a lien where judgment is by default, the judgment in such case following the allegations, and hence such a judgment will be sustained. Morrison v. Van Bibber, 25 Texas Supp., 154. Where defendant claimed by cross-bill and asked that title be divested out of plaintiff and invested in him, a verdict "for defendant" generally was held to be insufficient as a basis for a decree on the cross-bill in favor of defendant. Anderson v. Webb, 44 Texas, 147, 148. It is error to receive a verdict which fails to find on material issues. Kerr v. Hutchins, 46 Texas, 390. A substantial variance in the verdict from the issue, or if it only find a part of the matter in issue, will not support a judgment on the issue. Moore v. Moore, 67 Texas, 296.

In the last case cited it is said: "It is the right of the parties to have the jury pass upon all the facts controverted by the pleadings, and where they have omitted to do this, however clear and undisputed the evidence upon the issue not found, the court can not render judgment without usurping in part the functions of the jury. * * * As to the true construction of such a verdict, neither the lower court nor this court is permitted to speculate. The verdict must find all the

issues in language which does not admit of mistake." Moore v. Moore, supra, 296, 297.

A verdict against the "G. C. & S. F. Ry. Co." is not sufficient to support a judgment against the Gulf, Colorado & Santa Fe Railway Company. Railway v. Hathaway, 75 Texas, 557.

The verdict in the case before us is not responsive to the pleadings. Plaintiff's suit was against Dodd and his sureties alone, and he did not ask for a recovery against the attaching creditors. The verdict contains no finding for plaintiff against Dodd and his bondsmen. The finding is specific for plaintiff for amounts certain against the attaching creditors, who were impleaded by Dodd as his indemnitors merely. There is no verdict in favor of Dodd and his sureties against the indemnitors, and yet the judgment proceeds without findings upon these important issues to decree a recovery for plaintiff against Dodd and the sureties on his official bond, and a recovery for the same amount in favor of Dodd against his indemnitors. The verdict is not responsive to the issues and does not authorize the judgment. The motion in arrest should have been granted. Thomas v. Chapman, 62 Texas, 196, 197.

The following charge was given by the court: "Although you should find that Christian made one or both sales to plaintiff with intent to hinder, delay, and defraud his creditors, yet if he paid a valuable consideration for the goods such intent on the part of Christian would not alone make the sale void. In order to invalidate the sale, it must further appear from the evidence that the plaintiff at the time he bought and paid for the goods had notice of such intent on the part of Christian, or that he had a knowledge of facts or circumstances such as would have put an ordinarily prudent man upon inquiry, which by the use of proper diligence on his part would have led to a knowledge of such intention on the part of Christian."

The court also instructed the jury, that if the sale was made by Christian with intent to hinder, delay, or defraud his creditors, and that Gaines at the time of the purchase knew of such intent on the part of Christian to hinder, delay, or defraud his creditors, or if he knew such facts or circumstances as would have put a man of ordinary prudence upon inquiry, and which by the use of ordinary diligence on his part would have led to a knowledge that such was the intention of Christian in selling the goods to him, then such sale as between plaintiff and defendants is fraudulent and void."

The appellant says the court's charge is erroneous, "because it makes the validity of the transfer depend upon actual fraudulent intent upon the part of the vendor, and upon the vendee's actual knowledge either of such intent or of facts showing the same, without requiring the use of reasonable or ordinary diligence on the vendee's part to discover such intent, or to investigate the means of information at his disposition."

Error is also assigned to the refusal of the court to give a charge, that "if Christian's intention in selling to Gaines was to place his property beyond the reach of his creditors, and that the consideration of such sale was money or negotiable notes, or both, paid into Christian's hands by Gaines, and at the time of such transaction Christian was indebted to the defendants Hopkins & Co. and Richards & Co. for goods furnished to replenish the stock so sold; and if you further believe that at said time Gaines knew of such indebtedness, or by the exercise of ordinary diligence in investigating the means of knowledge at his disposition might have so known, and also known of such intent on Christian's part, then you will find for the defendants."

We think the charge of the court was correct and sufficient. There must be some facts in the knowledge of the vendee to put him upon inquiry; he would not be charged with constructive notice of the fraud if he acted innocently, in ignorance of any fact that would cause a suspicion of the fraudulent intent on the part of the vendor. If he knew of facts or circumstances which would excite the suspicions of a man of ordinary prudence he would be required to use diligence in investigating, and if such investigation would discover the fraudulent intent he would be affected with the consequences of notice. If the vendee knows nothing that would cause a reasonably prudent man to inquire, he would not be required to inquire, nor would he be charged with notice. If the contrary were the law the vendee would in every case of fraudulent sale on the part of the vendor be affected with constructive notice of it. We do not think he is bound to investigate until he knows something which would cause a reasonably prudent man acting in good faith to investigate the facts. What would be sufficient to put a prudent man upon inquiry is left to the sound sense and judgment of the jury. It is for them, with all the facts and circumstances before them, to decide whether the purchaser acted in good faith, and whether as an honest man and as a man of ordinary prudence he should have made inquiry which if diligently pursued would have led to the truth of the fraud, if any had been committed. If they should conclude that the purchaser with the light before him ought as a prudent man to have inquired, and by such inquiry ought to have discovered the fraudulent intent, they should so find; but if the facts in possession of the purchaser would not impose such duty upon him as a reasonably prudent man, acting fairly and in good faith, and paying a valuable consideration for the goods purchased, he should not be held responsible for the fraud.

We think the charge of the court presented the law of the case, and that there was no error in refusing the charge asked. Traylor v. Townsend, 61 Texas, 146; Blum v. Simpson, 66 Texas, 86; Freiberg v. Freiberg, 74 Texas, 126. The case of Blum v. Simpson is directly in point, and sustains the views we have expressed above.

A promissory note made in good faith or the transfer of a negotiable note, "is as effectual as the payment of the same amount in cash to prove a purchase for value." Cameron v. Romele, 53 Texas, 244. It would be so deemed prima facie on the question of consideration.

Because the verdict failed to find the issues, and was not sufficient to authorize the judgment entered, we conclude the motion in arrest should have been granted. The judgment should be reversed.

*Reversed and remanded.*