### A. L. FOLSOM V. CITY OF MCGREGOR.

No. 1214.

**Limitation—Alley Laid Out Across a Block in City.**—Adverse possession of an alley laid out across a block or square in a city or town, continued for ten consecutive years, confers title upon such possession against the city or town in which such alley lies. Rev. Stats., art. 3200, Sayles' ed. See example.

APPEAL from McLennan. Tried below before Hon. L. W. GOODRICH.

The suit was filed February 23, 1893. The testimony showed that appellant inclosed the land (the alley) in December, 1882, or January, 1883, and has had continuous adverse possession ever since.

*Robertson & Davis,* for appellant, cited Galveston v. Menard, 23 Texas, 408; Railway v. Travis Co., 62 Texas, 16; Mellinger v. Houston, 68 Texas, 37; Rev. Stats., Sayles' ed., art. 3200.

*John L. Dyer,* for appellee, cited Gilder v. City of Brenham, 77 Texas, 345; Carter v. LaGrange, 60 Texas, 636; Towery v. Henderson, 60 Texas, 296; Word v. Douthett, 44 Texas, 371.

FISHER, CHIEF JUSTICE.—This is a suit by the city of McGregor to recover of appellant certain land designated as an alley, which was in the possession of the appellant. The defendant pleaded, among other defenses, limitation. The court below rendered judgment in favor of the city.

*Findings of Fact.*—We find the following as the facts in the case: This suit was brought on the 23rd day of February, 1893. We find as a fact, that the appellant was in actual and adverse possession of the alley in controversy, using and enjoying the same, for more than ten years prior to the institution of this suit.

*Conclusions of Law.*—Other facts were before the court on other issues, which we deem unnecessary to make any finding upon, as according to our view of the case the defendant, Folsom, should have recovered under his plea of ten years' limitation. The evidence stands without contradiction as to his actual and adverse possession for that length of time prior to the filing of this suit, and there is nothing that appears in the record that would stop the running of the statute during that time. Article 3200, Sayles' Civil Statutes, known as the Act of July 4, 1887, declares, that limitation will not affect a city as to any lands, streets, sidewalks, grounds, etc., owned by the city, but it specially provides, that this act shall not apply to alleys laid out across any block or square in such city or town. The facts in this case without contradiction show that the property in controversy was an alley dividing the blocks in a subdivision of the city of McGregor. We think the facts clearly show that the city was barred in its action. Therefore, the judgment of the court below will be reversed and here rendered in favor of the appellant, Folsom.

*Reversed and rendered.*

Delivered May 8, 1895.