## T. A. WILLIAMS ET AL. v. D. H. BELL & COMPANY.

### Decided January 30, 1909.

**Judgment—Failure to Dispose of Parties and Issues—Appeal.**

Land agents sued the owner and purchaser of land for commissions in effecting the sale. The owner plead over against the purchaser asking that in event judgment be rendered against him, that he have judgment for the same amount against the purchaser. The judgment of the court was in favor of the agents against the owner and in favor of the owner over against the purchaser, but the judgment in no manner disposed of the agent's claim against the purchaser. Held, that the judgment was not a final judgment from which an appeal might be taken.

Appeal from the District Court of Haskell County. Tried below before Hon. C. C. Higgins.

*H. G. McConnell* and *W. C. Jackson,* for appellant.

*Helton & Murchison,* for appellees.

### ON MOTION FOR REHEARING.

SPEER, ASSOCIATE JUSTICE.—In this motion for a rehearing appellants suggest that we have no jurisdiction of the appeal for the want of a final judgment in the court below, and this suggestion must be sustained. Appellees sued appellants T. A. Williams and Ed Rountree to recover the sum of ten hundred and forty-nine dollars, commissions upon the sale of certain real estate, and appellant Williams pleaded over against appellant Rountree. The judgment of the court was in favor of appellees against appellant Williams for the amount sued for, and in favor of Williams on his plea over against Rountree, but the judgment in no manner makes any disposition of appellee's claim against appellant Rountree. It is quite well established that an appeal will not lie from a judgment which has not disposed of the entire case as to all the parties. (Rhone v. Ellis, 30 Texas, 30; Simpson v. Bennett, 42 Texas, 241; Linn v. Arambould, 55 Texas, 611; Gulf City Street Railway & Real Estate Co. v. Becker, 23 S. W., 1015.) And it is specifically held that a judgment failing to dispose of one of several defendants is not such final judgment. (Fowler v. Morrill, 8 Texas, 153; Whittaker v. Gee, 61 Texas, 217; City of Texarkana v. Rodgers, 26 S. W., 447; Masterson v. Williams, 11 S. W., 531; Liliensterne v. Lewis, 12 S. W., 750; Missouri Pac. Ry. Co. v. Scott, 78 Texas, 360; San Antonio & A. P. Ry. Co. v. Reynolds, 30 S. W., 846; Mendoza v. Atchison, T. & S. F. Ry. Co., 94 Texas, 650.) It is true the judgment does in terms dispose of the controversy be-

tween appellants Williams and Rountree, but this we think is no answer to the suggestion that it does not dispose of the issue between appellees and appellant Rountree. These issues are as distinctly separate and independent issues as a plaintiff's cause of action and the defendant's cross-plea, and we have held in the latter case that the judgment must dispose of the cross-plea to be final. (Riddle v. Bearden, 80 S. W., 1061.) Since the judgment is not such final judgment as to give this court jurisdiction on appeal, the opinion heretofore filed will be withdrawn and judgment now entered that the appeal be dismissed.

*Appeal dismissed.*