BUSHONG et al. v. ALDERSON et ux.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 2, 1911.)

1. TRIAL (§ 329*)—VERDICT—SUFFICIENCY.

In an action against a principal and sureties on a sequestration bond, where both actual and exemplary damages were claimed, a verdict which neither disposed of the sureties nor determined the issue of actual and exemplary damages does not warrant a final judgment.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 329.*]

2. DAMAGES (§ 220*)—ACTION—VERDICT.

Where both actual and exemplary damages are pleaded, the verdict should disclose whether the damages awarded are actual or exemplary, for exemplary damages cannot be allowed in the absence of actual damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 563–566; Dec. Dig. § 220.*]

3. PLEADING (§ 252*)—AMENDMENTS—TRIAL AMENDMENT.

Under District Court rule 27 (102 Tex. xli, 67 S. W. xxii), providing that when the exceptions have been filed and decided, either party may have leave to file an amendment in one instrument of writing, separate from those which have been previously filed, and that, in making this amendment, the party shall refer to other pleadings by name and number, without repleading, but shall succinctly state such additional facts as he may desire, a party's trial amendment does not operate as an abandonment of his former pleadings, and so his failure to refer in that amendment to sureties upon the sequestration bond upon which he is suing does not release the sureties.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 736–743; Dec. Dig. § 252.*]

4. APPEAL AND ERROR (§ 80*) — DECISIONS APPEALABLE—FINAL JUDGMENT.

A judgment which neither disposes of all the parties nor the issues is not final, and cannot be appealed from.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 494–509; Dec. Dig. § 80.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by Hattie J. Bushong and another against Leslie Alderson and wife. From a judgment for defendants, plaintiffs appeal. Motion by appellants to dismiss. Appeal dismissed.

A. A. Henderson, Parker & Parker, and Theodore Mack, for appellants. Bryan & Spoonts, for appellees.

CONNER, C. J. Appellants Hattie J. Bushong and her husband, James L. Bushong, instituted this suit in the form of trespass to try title to recover a certain house and lot in the city of Ft. Worth and certain personal property described in the petition which had been leased to the defend-

ants, and all of which was sequestered by the plaintiffs. Upon motion of the defendants Leslie Alderson and wife, A. K. Alderson, the sequestration proceedings were quashed, said defendants further pleading both actual and exemplary damages for the ouster under the writ. Upon the issue of damages the defendants also declared against the sureties on the plaintiffs' sequestration bond, in answer to which the plaintiffs by supplemental petition set up actual and exemplary damages because of alleged willful injury and destruction of some of the personal property while possessed by the defendants. All issues so formed were submitted to the jury which returned the following verdict: "We, the jury, find for the defendants, L. W. Alderson and wife, the sum of four hundred dollars for damages sustained, and we, the jury, find that the plaintiffs have the title and possession of the property. F. L. Green, Foreman." The judgment follows the verdict.

[1, 2] We think appellants' motion to dismiss the appeal for want of a final judgment must be sustained. Neither the verdict nor the judgment disposes of the sureties on the sequestration bond, and both are silent as to the issues of actual and exemplary damages presented by appellants. Nor can it be said from the verdict or judgment whether the damages awarded appellees are actual or exemplary. The basis of the judgment is the verdict which should have comprehended all of the material issues submitted to the jury. Dodd v. Gaines, 82 Tex. 432, 18 S. W. 618; Michon v. Ayalla, 84 Tex. 696, 19 S. W. 878. And that the verdict should disclose whether damages awarded are actual or exemplary, where both are pleaded, would seem to follow from the rule that no exemplary damages can be allowed where no actual damages have been given. Giraud v. Moore, 88 Tex. 675, 26 S. W. 945; Railway v. Le Gierse, 51 Tex. 189.

[3] It is insisted that appellees' trial amendment on the issue of damages, having omitted all reference to the sureties on the sequestration bond, operated as an abandonment of their former pleading on the subject, and that such sureties were thereafter no longer parties necessary for disposition by the judgment. The answer to this contention is that the rule invoked does not apply to trial amendments. See Rule 27 (102 Tex. xli, 67 S. W. xxii); Townes' Texas Pleading, p. 310.

[4] On the ground that the judgment neither disposes of all of the issues, nor of all of the parties, and that, hence, it is not final, we order that the appeal be dismissed. See Riddle v. Bearden, 36 Tex. Civ. App. 97, 80 S. W. 1061; Williams v. Bell, on rehearing, 53 Tex. Civ. App. 474, 116 S. W. 840, and authorities therein cited.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes