## DAUGHERTY v. DAUGHERTY.

(Court of Civil Appeals of Texas. Dallas. March 9, 1912.)

1. APPEAL AND ERROR (§ 512*)—RECORD—SUFFICIENCY—JURISDICTION.

The Court of Civil Appeals has no jurisdiction of a case originating in the justice court and· coming from the county court, where the record does not show how it reached the county court, and the amount involved is insufficient to confer original jurisdiction upon that court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2326; Dec. Dig. § 512;· Justices of the Peace, Cent. Dig. § 753.]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series &· Rep'r Indexes

2. APPEAL AND ERROR (§ 80*)—DECISIONS RE-
VIEWABLE—FINALITY OF JUDGMENT.
  Where the record shows that defendant
filed a plea in reconvention in the trial court
to recover damages against the plaintiff, but
fails to show that the issue presented thereby
was disposed of, the appeal will be dismissed,
since the judgment appealed from was not final.
  [Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 429, 432, 450, 456, 457,
494–509; Dec. Dig. § 80.*]

  Appeal from Rains County Court; O. H.
Rodes, Judge.

  Action between Henry H. Daugherty and
H. F. Daugherty. From the judgment Henry
H. Daugherty appeals. Appeal dismissed.

  W. W. Berzett, for appellant. D. M. Rodes
and Carter & Hunt, for appellee.

  TALBOT, J. [1] This case originated in
the justice court, and there is nothing in the
record showing how it reached the county
court. This being true, jurisdiction of the
county court to hear and determine the cause,
the amount in controversy being insufficient to
confer original jurisdiction upon that court,
does not appear, and this court has no ju-
risdiction, and the appeal must be dismissed.

  [2] Again, the record shows that the de-
fendant filed a plea in reconvention in the
county court, seeking to recover damages
in the sum of $175 against the plaintiff,
and the judgment of the court fails to dis-
pose of the issues presented by this plea.

  The judgment is not therefore final, and
for this reason the appeal must be dismissed.