## HAMILTON v. D. S. CAGE & CO.

(Court of Civil Appeals of Texas. El Paso. Dec. 5, 1912.)

APPEAL AND ERROR (§ 80*)—FINAL JUDGMENT.

Where the judgment, in an action wherein one defendant by a cross-action sought to recover on a claim against his codefendants, failed to dispose of such defendants' cross-action, it was not a final judgment, from which he could appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by D. S. Cage & Co. against L. G. Hamilton and others. From judgment for plaintiff, Hamilton appeals. Appeal dismissed.

Terry, Cavin & Mills, of Galveston, for appellant. L. B. Moody, of Houston, for appellees.

HIGGINS, J. Appellees filed suit against R. E. Grotkass, H. W. Schwartz, and L. G. Hamilton, alleging that Grotkass and Schwartz were indebted to them in the sum of $10,384.80 for goods, wares, and merchandise sold and delivered, the payment of which was secured by chattel mortgage on certain personal property not necessary here to particularly mention, and also on the entire crop of rice raised on section 121, T. & N. O. Ry. Co. survey, in Chambers county; that 350 sacks of rice raised on said premises, on October 26, 1910, were delivered to the defendant Hamilton, who was a common carrier operating a line of boats to Houston, Tex.; that said rice was delivered to Hamilton as such common carrier, to be delivered to the plaintiffs at Houston, Tex., and Hamilton accepted and promised to so deliver the same; but, instead of so doing, he retained the same in his possession and refused to deliver the same to plaintiffs. Judgment was prayed against Grotkass and Schwartz for said sum of $10,384.80, and for foreclosure of lien on all of the property covered by said mortgage, including said 350 sacks of rice. Judgment against Hamilton was sought for the possession of said 350 sacks of rice and for the sum of $200, the same being the difference between the market price thereof when delivered to Hamilton and the market price at that date; and, in the alternative, judgment was prayed against Hamilton for the sum of $1,000, the same being the market price of the rice.

Defendant Hamilton answered, denying that he was a common carrier for hire, or that said rice had been delivered to him by Grotkass and Schwartz for transportation and delivery to plaintiffs. He averred that on December 1, 1909, he was part owner of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the premises described in the plaintiffs' petition, and as such part owner and as agent for the other owners he contracted and agreed with Grotkass and Schwartz, whereby the said Grotkass and Schwartz were to cultivate a rice crop upon said premises, which agreement was in writing, and a copy thereof was attached to the answer and made a part thereof. It was further alleged: "This defendant further alleges that, during the term of the aforesaid lease, he advanced to and paid out for and on behalf of his codefendants various sums of money in the total amount of $834.42, for uses and purposes necessary for the said codefendants for the proper farming and harvesting of their said rice crop, and that the said sums of money paid out and advanced as aforesaid are more specifically shown in a certain itemized statement, attached hereto, marked 'Exhibit B,' and specifically made a part hereof; that on or about October 26, 1910, the said defendants Grotkass and Schwartz delivered to this defendant 350 sacks of rice, with the distinct understanding and agreement that this said defendant was to hold the said 350 sacks of rice as security for the said advances above mentioned, which were thereafter made by this said defendant; that the market value of the said 350 sacks of rice was $803.10, and that that sum was insufficient to reimburse this defendant for the amounts advanced to his codefendants as above set out; that by reason of the above facts and circumstances there remains due to this defendant from his said codefendants, Grotkass and Schwartz, the sum of $31.32, all as more particularly made to appear in the itemized statement attached hereto and marked 'Exhibit B.' Further pleading herein, this defendant respectfully shows to the court that the said above advances made by him to his codefendants were made in the due course of relationship between them as landlord and tenant; that the said defendant herein, by reason of the aforesaid facts, hath a landlord's lien upon the said 2,250 sacks of rice now in the possession of the plaintiff herein to secure to this defendant the sum of $31.32 due him by reason of the aforesaid advances. Wherefore defendant, having fully answered herein, prays that upon a hearing hereof the plaintiff take nothing in this suit as against this defendant, and that this defendant have judgment against his said two codefendants, Grotkass and Schwartz, in the sum of $31.32, together with a foreclosure of this defendant's said landlord's lien upon the said 2,250 sacks of rice now in the plaintiff's possession. But if it be held by the court that the lien of plaintiff herein was superior to the right of this defendant to appropriate the said above-mentioned 350 sacks of rice, this defendant prays that he have judgment against said codefend-

ants, Grotkass and Schwartz, for any and all sums or amounts of money which may be adjudged to be due by this defendant to the plaintiff herein. This defendant prays for all such other and further orders and decrees, general and special, in law and in equity, as the facts may warrant."

Supplemental pleadings filed by the parties relate to matters not material to a consideration of this appeal. Upon trial before the court, without a jury, judgment was rendered in favor of plaintiff against Grotkass and Schwartz for the sum of $5,-529.04, with interest from date of judgment at the rate of 6 per cent. per annum, foreclosing their chattel mortgage lien as against all of the defendants upon the 350 sacks of rice in possession of the defendant Hamilton, and an order of sale therefor directed to be issued, and, if the said 350 sacks of rice could not be found, then that the plaintiffs have judgment against the said Hamilton for the sum of $997.50, with interest from October 26, 1910, at the rate of 6 per cent. per annum, amounting in the aggregate to the sum of $1,037.40.

It will be noted, from the statement made of the pleading of the appellant, that an indebtedness is asserted by him against his codefendants, Grotkass and Schwartz, and judgment therefor is prayed, together with lien foreclosure. It will likewise be noted that the judgment in no wise disposes of this cross-action, and, since it fails to dispose of this issue, it is not a final judgment, from which an appeal could be prosecuted. It is therefore ordered that this appeal be, and the same is hereby, dismissed. Williams v. Bell, 53 Tex. Civ. App. 474, 116 S. W. 837, on rehearing; Bushong v. Alderson, 143 S. W. 200; Daugherty v. Daugherty, 145 S. W. 642.