STOCKWELL et al. v. ANGLETON STATE BANK et al.

(Court of Civil Appeals of Texas. El Paso. Jan. 23, 1913. Rehearing Denied March 5, 1913.)

APPEAL AND ERROR (§ 80*)—RIGHT OF APPEAL—FINAL JUDGMENT—CROSS-ACTION.

A judgment in an action on a vendor's lien note, which failed to dispose of a cross-action filed by one defendant, which sought judgment against plaintiff's claim of title and for the purchase money paid, was not a final judgment from which an appeal would lie.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

Appeal from District Court, Brazoria County; Wells Thompson, Judge.

Action by the Angleton State Bank and others against Elmer P. Stockwell and others. From a judgment for plaintiffs, defendants appeal. Dismissed.

Elmer P. Stockwell, of Angleton, for appellants Moller and others. Masterson & Rucks, of Angleton, for appellee Angleton State Bank.

HARPER, C. J. On the 9th day of August, 1911, the Angleton State Bank, as plaintiff, filed suit in district court against Elmer P. Stockwell, F. M. Harvin, and the appellants Irene E. Moller, G. Emil Moller, Arthur Moller, Cora I. Roberts, H. L. Roberts, Maggie Tacquard, A. H. Tacquard, and Lillian E. Moller, alleging that Elmer P. Stockwell executed a note for $1,360 to the order of Guy Huffman as part of the purchase price of 849 acres of land in H. Austin League No. 4 in Brazoria county, Tex., by deed June 28, 1910, describing same, retaining an express vendor's lien to secure the payment thereof, with the usual provisions for 7 per cent. interest and 10 per cent. attorney's fees; that Huffman sold said note to F. H. Harvin, and Harvin in turn sold to the plaintiff for a valuable consideration and before maturity. Plaintiff further alleges that Irene E. Moller, G. Emil Moller, Arthur Moller, Cora I. Roberts, H. L. Roberts; Maggie Tacquard, A. H. Tacquard, and Lillian E. Moller are proceeding upon some claim, or are claiming some

kind of a lien upon same, and they are therefore made parties to the suit; that such lien, if any, be adjudged subordinate to the plaintiff's lien. The defendants Irene E. Moller, G. Emil Moller, Arthur Moller, Cora I. Roberts, H. L. Roberts, Maggie Tacquard, A. H. Tacquard, and Lillian E. Moller answered by general denial, and assert title in fee simple to the lands sued on, and set up that on May 8, 1909, they sold the land in question to Guy Huffman by general warranty deed and reserved a lien to secure the payment of two notes executed by said Huffman, in favor of defendants, for $3,537.50 each, which are not paid; that a deed for same land was executed on 15th day of August, 1910, from F. M. Harvin to Guy Huffman; that on the 10th day of September, 1910, the same land was conveyed by deed to Elmer P. Stockwell; and that said Stockwell by deed sold a portion of the land to defendant Irene E. Moller. Said defendants further allege that defendant F. M. Harvin and the attorneys A. E. Masterson and A. R. Rucks have been publicly claiming in Angleton, in said county, that defendants had no interest in said land, and further make A. R. Rucks and A. E. Masterson parties to the suit. All defendants pray judgment quieting their title, and that their lien be adjudged superior to that of plaintiff.

Defendant Elmer P. Stockwell pleads general denial, admits the execution of said note, and that it has not been paid, but alleges that plaintiff is not the owner thereof, but holds it as collateral security to a note of F. M. Harvin for $1,800, which will not be due until November, 1911; that the land was purchased by him from F. M. Harvin and Guy Huffman, believing that he got good title; that, after the said sale to this defendant, F. M. Harvin filed on the said land as vacant land belonging to the state of Texas, and offered to purchase same from the state; that thereafter A. E. Masterson filed on same land, alleging same facts; that thereafter A. R. Rucks made similar filing and offer to purchase from state; that defendants Harvin, Masterson, and Rucks and Huffman, all officers or attorneys for the plaintiff bank, knew of the claim; that the title was in the state when they accepted the note as collateral, and that, if it was vacant land, there was no consideration for the note, and allege that the said parties are in collusion, trying to collect the money on said note before the title to the land is settled; that he purchased the land from Guy Huffman and F. M. Harvin for the sum of $13,584, and that the note sued on was given for part of the purchase money; that, if he should be compelled to pay the note and then lose the land, he would be irreparably injured—wherefore he prays that the court stay proceedings for collection of the note until the question of title be settled, and that, upon final hearing, he have judgment against the said F. M. Harvin and Guy Huffman for such sum as he may be required to pay, and for costs and general and special relief.

The defendant Harvin answered and admitted the truth of plaintiff's allegations, "and, in reply to the cross-bill of Irene E. Moller, G. Emil Moller, Arthur Moller, Cora I. Roberts, Maggie Tacquard, A. H. Tacquard, Lillian E. Moller, and Elmer P. Stockwell, says that he is not interested, and has no interest in the land described in the petition, and specially disclaims any interest, and prays to be dismissed with his costs."

Upon trial by the court, without jury, judgment was rendered in favor of plaintiffs against Elmer P. Stockwell and F. M. Harvin for the amount of the note and interest and foreclosure of lien, and dismissed as to all the parties defendant, except F. M. Harvin.

It will be noted that defendant Stockwell files cross-bill asking affirmative relief as to Guy Huffman and F. M. Harvin (his grantors) in case of failure of consideration for the note sued on—that is, if the title to the land failed—by praying for judgment over against said Harvin and Guy Huffman for the amount of the purchase money paid by him, and for judgment against them as to any claim of title to the land; and it will also be noted that the judgment in no wise disposes of this cross-action, nor the parties thereto, and, since it fails to dispose of this issue, it is not a final judgment from which an appeal could be prosecuted.

It is therefore ordered that this appeal be, and the same is hereby, dismissed. Williams v. Bell, 53 Tex. Civ. App. 474, 116 S. W. 837; Bushong v. Alderson, 143 S. W. 200; Daugherty v. Daugherty, 145 S. W. 642; Hamilton v. Cage & Co., 151 S. W. 894.