ELBERT M. BELL v. F. C. VANZANDT, EX'R, ET AL.

(Case No. 990.)

1. CITATION — DEFAULT.— See statement of case for citation to bring in new parties defendant, which, though not in all respects strictly regular, showed with sufficient certainty who were the defendants to the action, to authorize a judgment in default of answer.

2. JUDGMENT.— A judgment rendered in favor of parties, not mentioned as parties in the pleadings, is error.

ERROR from Harrison. Tried below before the Hon. A. J. Booty.

This suit was originally filed in the district court of Harrison county, Texas, on the 7th day of April, 1852, by Frances C. Vanzandt, executrix of the estate of Isaac Vanzandt, deceased, and against Samuel L. Young, to recover land upon which defendant then resided.

There were various pleadings afterwards filed on each side.

By a supplemental petition filed August 22, 1871, new parties defendant were made, to wit: Elbert M. Bell, Elijah M. Bell and Hardy Strickland. The defendant Elbert M. Bell made no answer, and judgment was rendered against him by default, on the 3d day of November, 1879. Of this judgment the defendant Elbert M. Bell complained. A motion for a new trial was made, which was overruled by the court, and Bell appealed.

The citation issued on the supplemental petition directed to the sheriff, etc., of Harrison county, commanded him to summon Elbert M. Bell, Elijah M. Bell and Hardy Strickland to appear, etc., "there to answer a petition filed in said court, wherein Frances D. Vanzandt, executrix, is plaintiff, and Samuel L. Young is defendant, as per copy of said petition will more fully appear. Herein fail not," etc., etc. Service was had on the two Bells and on Strickland.

*Geo. F. Hill,* for plaintiff in error. 1. The citation does not contain the names of all the parties to the suit. Burleson *v.* Henderson, 4 Tex., 49; Haley *v.* Greenwood, 28 Tex., 680; Frosh *v.* Schlumpf, 2 Tex., 422; Rogers *v.* Green, 33 Tex., 661; Portwood *v.* Wilburn, 33 Tex., 713.

*W. S. Herendon,* for defendant in error.

MOORE, CHIEF JUSTICE.—The citation served upon the plaintiff in error authorized the judgment by de-

fault entered against him. The citation in this case is unlike those in the cases to which we are referred by counsel. While·it may not be in all respects strictly regular and formal, yet it plainly shows who are the de-fendants.

But the judgment does not follow the petition. In the original and amended petitions, F. C. Vanzandt, as exec-utrix of the estate of Isaac Vanzandt, is the sole and only plaintiff, yet the judgment is in favor of her and K. M. Vanzandt and others named in the judgment as heirs of Isaac Vanzandt. And for this error the judgment is re-versed and the cause remanded.

Reversed and remanded.

[Opinion delivered December 14, 1880.]