GREEN ET AL. V. BROWN.

(No. ——.)

ERROR from Tarrant County.  Opinion by WHITE, P. J.

MEADE & BOMAN, counsel for plaintiffs in error.

WYNNE, McCART & STEDMAN, counsel for defendant in error.

§ 162.  *Plea of privilege to be sued in county of residence; when insufficient; must be presented at term it is filed.*  Plaintiffs in error in the court below filed pleas in abatement setting up, in effect, their personal privilege to be sued in the county of their residence.  These pleas were excepted to by defendant in error, and, the exception being sustained, they were stricken out.  There was no error in this action of the court, because (1) the pleas were insufficient in law, in that they did not anticipate and exclude all supposable matter as would, if alleged by the opposite party, defeat said pleas; and (2) no action was demanded or had upon said pleas at the term at which they were filed, but at said term the cause was continued by consent.  [Peveler v. Peveler, 54 Tex. 53; 2 Civil Cas. Ct. App., § 108; 3 Civil Cas. Ct. App., § 215.]

§ 163.  *Amendment or correction of judgment of lower court on appeal; will not be made, when; final judgment; what is not.*  The original petition was brought in the name, and prayed judgment in favor of, "Edward H. B. Brown."  By amended petition, plaintiff's name was stated to be "Edward H. B. Brow," and judgment prayed in his behalf.  Notice of protest of the note sued on was sent to "E. H. Brow & Co."  After the amended petition was filed, it appears that plaintiff in his pleadings and exceptions styled the case "E. H. B. Brow v. Green & Johnson;" but the clerk of the court in his minutes still retained the original style of the case, viz., "Edward H. B. Brown v. Green & Johnson," and, in

entering up his judgment, entered it up as having been rendered in favor of "Edward H. B. Brown," instead of "Edward H. B. Brow," and said judgment does not correspond with plaintiff's amended petition in that regard. The judgment entry could and should have been corrected and amended in the court below, as provided by statute. [R. S., arts. 1354, 1355; Sugg v. Thornton, 73 Tex. 666.] Had the mistake occurred in the judgment entry in this court, this court could have amended it in the entry of the proper name which should have been inserted. [Trammell v. Trammell, 25 Tex. Sup. 361.] The question is, has this court authority on appeal or writ of error to amend or correct a judgment of the lower court, with regard to the parties entitled to recover, where no attempt has been made to do so in the court below? That we might correct or amend with regard to the amount of the judgment, where the error is apparent of record, has been held in Wortham v. Harrison, 8 Tex. 141, and also in regard to the middle initial of a defendant's name. [McKay v. Speak, 8 Tex. 376.] And so the failure, under the rule, to insert the full names of plaintiffs, suing as a firm, in the final judgment, was an irregularity which was corrected, and the judgment reformed, in the supreme court, in Wright v. McCampbell, 75 Tex. 645. In Bell v. Vanzandt, 54 Tex. 150, it was held that a judgment rendered in favor of parties not mentioned as parties in the pleadings was error, for which the judgment should be reversed. That case is, however, not in point, inasmuch as in the case we are considering the pleadings mentioned as plaintiff both "Brown" and "Brow." In the uncertain state of the law as to the power of this court, on appeal or writ of error, to correct and render the judgment by substituting one party for another as plaintiff in the judgment, and inasmuch as the judgment does not conform to or dispose of the parties as made by the amended pleadings, and inasmuch as said judgment is, in conse-

quence of said defect, not a final judgment, it seems clear that this court, under the peculiar circumstances of the case, should dismiss the writ of error for want of final judgment, and it is so ordered, and the writ of error is dismissed at the costs of defendant in error.

November 1, 1890.                              Dismissed.