## J. E. GRIFFIN ET AL. v. EUGENE TERRY ET AL.

Decided December 11, 1909.

### 1.—Judgment—Satisfaction—Appeal—Reversal.

A creditor in an attachment suit recovered judgment against his debtor and an assignee for the benefit of creditors, for the goods in controversy; pending the suit the goods were sold as perishable and the proceeds deposited with the clerk of the court; the assignee appealed from the judgment against him, but gave no supersedeas bond; the judgment of the lower court was reversed and an order entered by the Appellate Court requiring the clerk to pay to the appellant assignee the proceeds of the sale of the goods, but this the clerk did not do because the money had in the meantime been paid to the plaintiff below. Held, the judgment rendered by the Appellate Court in favor of the assignee for the proceeds of the sale and the order to the clerk to pay him the money, would not bar a suit by the assignee against the sheriff for the trespass and conversion, nor a recovery for the full value of the goods.

### 2.—Judgment—Agreement—Waiver.

When the defendants in a suit against the sheriff and his indemnitors for the conversion of goods, agree that in the event judgment is rendered against the sheriff similar judgment should be rendered over against the indemnitors, and waived any recovery against the plaintiff in attachment, the defendants can not afterwards complain that judgment was entered in accordance with their request. and that the court failed to submit to the jury the issue of the liability of the plaintiff in attachment.

**3.—Judgment—Finality—Defunct Corporation.**

Where in a suit against a corporation it is alleged that the corporation has become insolvent and defunct, and that the other defendants, naming them, are the sole and only stockholders of said corporation, a judgment which disposes of the defendant stockholders in effect disposes of the defendant corporation and is not subject to the objection that it does not dispose of all the defendants.

Appeal from the District Court of Dallam County. Tried below before Hon. J. N. Browning.

*H. H. Cooper,* for appellants.

*R. E. Stalcup,* for appellee.

SPEER, ASSOCIATE JUSTICE.—A statement of this case will be found by reference to the report of a former appeal, wherein the present appellee was the appellant, reported in 96 S. W., 70. The appellee on the last trial recovered judgment for twelve hundred dollars, representing the value of the goods taken under the circumstances shown in the report of the case referred to; and J. E. Griffin, and Lenora White, executrix of the estate of E. W. White, deceased, the sureties on Sheriff Webb's indemnity bond, against whom judgment was rendered over in the sheriff's favor, have appealed.

On the measure of appellee's damage the court instructed the jury as follows: "If you find for the plaintiff under the foregoing instructions, then you will assess his damages at such sum as you may find and believe from the evidence to be the reasonable market value in Dalhart, Texas, of the goods taken at the date of their seizure and conversion." Appellants attack the correctness of this charge and insist that special charges submitted by them should have been given, to the effect that the recovery by appellee should be diminished by the amount of the sum of money for which the goods were originally sold and which the clerk had been ordered by the prior judgment of this court to turn over to appellee. We held on the former appeal that there was no inconsistency in appellee's exercising the right to sue the sheriff for the illegal seizure after he had claimed the goods in the original attachment suit. Appellants' insistence now is that appellee, having finally secured a judgment in the attachment suit directing the clerk to turn over the proceeds of the sale to him, should not be permitted to recover the full value of the goods from the sheriff and his bondsmen, notwithstanding the clerk never in fact turned over such proceeds to him because they had been paid out on the judgment of the County Court in the attachment case, no supersedeas bond having been filed by the appellee. But we can not assent to such a proposition. It is in the nature of a plea of accord without satisfaction. The former judgment did not run against the sheriff or any of the present appellants, but was no more than an order to the clerk to turn over funds presumably in his hands, but which in fact had been paid out under the judgment of the court.

Under such circumstances the appellee was entitled to recover against the sheriff and his bondsmen the full value of the goods unlawfully taken by him.

The court's failure to submit to the jury the issue of the liability of the Kemp Amarillo Grocery Company and others is accounted for by the recitation in the judgment that counsel for all the defendants requested the omission, agreeing that if judgment should be rendered in favor of the plaintiff against the defendant Webb, a similar judgment should be rendered over against the other defendants, which was accordingly done. Having thus consented to such course, appellants can not now complain of it. Besides, it is difficult to see how such failure could in any event affect the recovery against these appellants.

No other errors are assigned and the judgment is therefore affirmed.

ON REHEARING.

Appellants J. E. Griffin and Lenora White and appellees Webb, Cain, Gober, Jenkins and Woods have filed their motions asking for a rehearing. Nothing new is presented in these motions and we see no reason to change our views heretofore expressed in the opinion affirming the case. We think it proper, however, in overruling the motions and refusing to dismiss the appeal on the ground urged by the above named appellees, to wit: that the judgment below did not dispose of all of the parties, to state the ground of our holding, since we did not give such reasons in the former opinion.

The specific complaint is that the Kemp-Amarillo Grocery Company, a corporation, was made a party defendant in the District Court and that the judgment of the District Court in no way disposes of such defendant. Of course, if this were true, the motion is well taken and should have been sustained in the first place. It is true the plaintiffs' petition complains of the Kemp-Amarillo Grocery Company, a corporation, as one of the defendants in the action, but the plaintiffs further allege "that the defendants M. Lasker, J. T. Groce, J. A. Kemp, C. W. Wilson and Bruno Richter were, at and before the issuance and levy of said writ of attachment, the sole and only stockholders of the defendant corporation, Kemp-Amarillo Grocery Company; that since the filing of said suit out of which said attachment issued and at this time, plaintiff is informed and charges that said corporation has become defunct and no longer exists, and said corporation has not within the knowledge of plaintiff any property or assets out of which a money judgment could be made, and has not, so far as plaintiff is informed and believes, sufficient money, property or effects out of which to make the money claimed by plaintiff in this suit." The judgment does dispose of the defendants who are alleged to be the only stockholders of the defunct corporation. We hold the judgment to be final, and that its effect is to dispose of all the parties to the suit. It implies a finding, in accordance with the allegations of the petition, that the Kemp-Amarillo Grocery Company is no longer in existence, and in disposing of all of its stock-

holders, the company itself under the allegations of the petition is effectually disposed of.

The motions for rehearing are therefore overruled.

*Affirmed.*

Writ of error refused.