## T. E. BENGE v. T. B. SLEDGE ET AL.

### Decided October 15, 1910.

**1.—Judgment—Failure to Dispose of Party.**

A judgment in favor of several plaintiffs, naming them, but which omits the name of one of the plaintiffs stated in the petition, is not a final judgment.

**2.—Partnership—Final Judgment.**

A partnership is not a legal entity, and hence can sue and be sued only in the names of its individual members; a judgment therefore in favor of or against a partnership in order to be final must either expressly or by fair implication dispose of all the members of the plaintiff or defendant firm.

Appeal from the County Court of Collingsworth County. Tried below before Hon. J. K. Duke.

*Lackey & Cocke* and *Theodore Mack,* for appellant.

*Johnson, Benson & Templeton* and *Stovall Johnson,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant has suggested that there is no final judgment of the County Court of Collingsworth County in this cause and prays that the appeal, therefore, be dismissed.

The suit appears to be one instituted by T. B. Sledge, Frank Gist, W. A. Walker and W. A. Lawrence against T. E. Benge to recover a sum of money within the jurisdiction of the County Court. The verdict of the jury before which the case was tried was in plaintiff's favor for the sum of three hundred and fifty-five dollars. Upon this verdict the

court entered judgment in favor of the plaintiffs W. A. Walker, T. B. Sledge and W. A. Lawrence but the judgment in no manner disposes of the plaintiff Gist. This is not a final judgment, since, to be final, the judgment should dispose all the issues as to all the parties. Williams v. Bell, on rehearing, 53 Texas Civ. App., 474 (116 S. W., 837).

The judgment declares that the three plaintiffs mentioned constitute the Panhandle Land Company. The petition upon which the recovery was had alleged that T. B. Sledge, Frank Gist, W. A. Walker and J. W. Wilkins, doing business under the firm name and style of the ·Panhandle Land Company, in whose favor the cause of action originally had accrued, had transferred the cause of action to the plaintiffs, but it contains no allegation that the plaintiffs are doing business under the style of the old firm. But grant that it did, it does not follow that the judgment disposing of the Panhandle Land Company ·disposes of the individual plaintiffs. It is well settled in this State that a co-partnership is not a legal entity, and can sue and be sued only in the names of its individual members; so that at last, the judgment in order to be final must either expressly or by fair implication dispose of all the members of the plaintiff or defendant firm. Frank v. Tatum, 87 Texas, 204; Glasscock v. Price, 92 Texas, 271; Griffin v. Terry, 58 Texas Civ. App., 229 (124 S. W., 115); Williams Land Company v. Crull, — Texas Civ. App., —— (125 S. W., 339).

This appeal is therefore dismissed and the costs taxed against the appellant.

*Appeal dismissed.*