### BENGE v. PANHANDLE LAND CO.

(Court of Civil Appeals of Texas. Amarillo. Feb. 10, 1912.)

1. JUDGMENT (§. 310*)—OMISSION OF PARTY—CORRECTION.

Where judgment was rendered in favor of a firm, but one of the members of the firm was omitted from the entry, the judgment should be amended, leave having been first granted by canceling the old entry and making a new one, containing the proper addition.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 601–603; Dec. Dig. § 310.*]

2. APPEAL AND ERROR (§ 79*)—JUDGMENT—ALTERATION.

Judgment having been rendered in favor of a firm, the name of one of the members was omitted from the entry, and after dismissal of an appeal because the judgment did not dispose of such party, the county judge, without notice, entered a judgment nunc pro tunc on which an execution was issued to another county. The levy of this execution was enjoined, and the writ made returnable to the county, where the judgment was entered, whereupon a special judge, on proper motion, entered an order setting aside the nunc pro tunc judgment and ordered that the name of the omitted partner be inserted in the original nunc pro tunc. The judgment was not so amended by inserting the name of the omitted partner on the minutes of the court, and neither the original judgment nor the subsequent order to amend disposed of the injunction. *Held*, that the fact that the original judgment had not been amended by actually entering the name of the omitted partner therein, nor by setting it aside and entering a new one, was jurisdictional and precluded an appeal therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. § 79.*]

3. APPEAL AND ERROR (§ 1153*)—REVIEW—JUDGMENT ENTRY—ON APPEAL.

Rev. St. 1895, arts. 1027, 1028, authorizing the Court of Civil Appeals to reform a judgment appealed from or enter such a decree as should have been entered by the trial court, does not authorize such action until the Court of Civil Appeals had acquired jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4507–4512; Dec. Dig. § 1153.*]

4. JUDGMENT (§ 310*) — PARTIES — AMENDMENT.

Failure of a judgment in favor of a partnership to name one of the members of the firm was an infirmity which could be cured by amendment on motion and proper notice.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 601–603; Dec. Dig. § 310.*]

Appeal from Collingsworth County Court; L. D. Miller, Judge.

Action by the Panhandle Land Company against T. E. Benge. Judgment for plaintiff, and defendant appeals. On motion to affirm on certificate. Motion overruled, and appeal dismissed.

Lackey & Lackey, for appellant. R. H. Templeton, for appellee.

HALL, J. This cause is before us upon a motion to affirm on certificate. The appellees, a firm composed of T. B. Sledge, A. W. Lawrence, W. A. Walker, and Frank Gist, recovered a judgment in the county court of Collingsworth county, Tex., September 7, 1909, against appellant herein, for the sum of $355 and costs of suit. It appears from the record before us that the name of Frank Gist was omitted in the entry of the judgment. From that judgment the appellant herein appealed to the Court of Civil Appeals for the Second Supreme Judicial District, where his appeal was dismissed upon the ground that the judgment appealed from was not final in that it failed to dispose of Gist. Thereafter, without notice, the then county judge of Collingsworth county entered a judgment nunc pro tunc, upon which an execution was issued and sent to Tarrant county. The levy of this execution was enjoined by the district judge of Tarrant county, and the writ made returnable to the county court of Collingsworth county. Hon. L. D. Miller, as special judge, on the 9th day of September, 1911, in a proceeding in which all parties were present, upon

proper motions entered an order setting aside the nunc pro tunc judgment and further ordered that the name of Frank Gist be inserted in the original judgment, nunc pro tunc. '

[1] It is said in 23 Cyc. 882: "An amendment of a judgment may practically be accomplished by entering the order therefor or the making of an order which effects the same result, in which case the amendment may actually be made at any time thereafter; but good practice requires not only that the amendment should be ordered, but that the clerk should actually make it as directed. The courts tolerate, but do not favor, the making of such corrections by erasure and interlineation on the original record; the better method being to annul or vacate the defective entry and replace it by a new entry ordered to be made nunc pro tunc." Also in Black on Judgments, § 166, citing practically the same authorities, the author says: "An amendment should not be made by simply noting the order to amend, but it should be actually made by turning back to the minutes of the former term. and making the proper correction and entry there so that the entry will stand and be read as if no amendment or correction had ever been necessary. If the correction consists merely in adding a word or phrase or adding or substituting a name or date or altering an amount or the like, it may be well enough to simply make the change upon the face of the original entry; but, in general, interlineations ought to be avoided, and the more regular mode of making amendments after the term is by an order of court reversing the defective entry, followed by a new judgment nunc pro tunc." It appears from the record before us that said judgment has not been amended by inserting the name of Gist therein upon the minutes of the court, and it also appears that neither the original judgment nor the subsequent order to amend the same, entered by the special judge, disposes of the injunction granted by the district judge of Tarrant county. This should have been dissolved by the judgment.

[2-4] The fact that the original judgment has not been amended by actually entering the name of Gist therein, nor by an order setting it aside and entering a new judgment upon the minutes, is jurisdictional. Revised Statutes, arts. 1027 and 1028, do not authorize this court to reform a judgment or enter such decree as should have been entered . in the lower court until we have acquired jurisdiction of the cause, and appellant's prayer that we enter such judgment here must be disregarded. The infirmity in the judgment is such as can be amended under the decisions in this state. Whittaker v. Gee, 63 Tex. 435; Trammell v. Trammell, 25 Tex. Supp. 261; Doty v. Caldwell, 38 S. W. 1025. But before such an amendment can be made appellees will be required to file their motion and to have issued and served upon appellant proper notice of the proceeding, and the judgment will not become final until all the parties and issues have been disposed of by the court.

For the reasons stated, the motion to affirm on certificate is overruled, and the proceeding is dismissed for want of jurisdiction.