WICHITA MILL & ELEVATOR CO. et al. v. BURRUS.

(Court of Civil Appeals of Texas. Amarillo. Jan. 31, 1914. On Motion for Rehearing, March 7, 1914.)

APPEAL AND ERROR (§ 79*)—JUDGMENT APPEALABLE—FINAL JUDGMENT.

A judgment against all the defendants except one, but in no way disposing of him, whose dismissal would have resulted in a dismissal of the defendant partnership, of which he was a member, is not final, and so not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 277; Dec. Dig. § 79.*]

Error from District Court, Lubbock County; W. R. Spencer, Judge.

Action by C. H. Burrus against the Wichita Mill & Elevator Company and others.

Judgment for plaintiff, and defendants bring error. Dismissed.

Huff, Barwise & Bullington, of Wichita Falls, and Dillard & Moore, of Lubbock, for plaintiffs in error. Bean & Klett and W. F. Schenck, all of Lubbock, for defendant in error.

HUFF, C. J. C. H. Burrus, appellee, instituted this suit against the Wichita Mill & Elevator Company, a partnership composed of Frank Kell and M. Lasker, and the City National Bank of Wichita Falls, to cancel a certain bond executed by R. G. Way & Co., as principals, and J. A. Jordan, R. W. Groves, and C. H. Burrus, as sureties, payable to the Wichita Mill & Elevator Company, in the sum of $2,000. It is alleged that one Morgan, the agent of the Wichita Mill & Elevator Company, procured appellee's signature upon a fraudulent representation that E. R. Hayne, B. O. McWhirter, and J. W. Groves would sign the bond, which they did not do, etc. The case was filed in the district court of Lubbock county. The record shows that citation was issued to Galveston county to be served on M. Lasker, and that service was had on him November 7, 1912, and Frank Kell was served October 14, 1912, and the City National Bank was served on the same day. The district court for Lubbock county convened on the 11th day of November, 1912, and on the 13th day of November, 1912, judgment was taken by default against the Wichita Mill & Elevator Company, Frank Kell, and the City National Bank of Wichita Falls. The judgment in no way disposed of M. Lasker. As to the other parties the court canceled the bond as prayed for by appellee. Without disposing of M. Lasker, there was no final judgment from which an appeal can be taken. Lilliensterne v. Lewis (Sup.) 12 S. W. 750; Williams v. Bell, 53 Tex. Civ. App. 474, 116 S. W. 837; Flow v. Railway Company, 147 S. W. 679; Hillsman v. Cline, 145 S. W. 726.

There being no final judgment, this court is without jurisdiction, and the appeal is dismissed.

On Motion for Rehearing.

The defendant in error, by motion for rehearing, asserts we were in error in refusing to entertain the appeal in this case, and in holding the judgment appealed from is not final. That a judgment against a partnership may be taken by service on one of the partners and the member of the firm served, is so well settled that the citation of authorities is unnecessary. In order to obtain such judgment against the Wichita Mill & Elevator Company, it was not necessary to bring M. Lasker in the case by service of citation, is not questioned by this court; but defendant in error did serve him with citation, and, having brought him into the case to answer,

we held that it was necessary to dispose of him before final judgment could be entered. The defendant in error, in his motion, advances the proposition: "If the defendant in error had dismissed M. Lasker from the suit, he would thereby have dismissed the partnership of Wichita Mill & Elevator Company, and would not have been entitled to a judgment against said company." We concede the correctness of the proposition, and the authorities cited by defendant in error sustain the proposition (McManus v. Cash, 101 Tex. 261, 108 S. W. 800; Frank v. Tatum, 87 Tex. 205, 25 S. W. 409; Glasscock v. Price, 92 Tex. 271, 47 S. W. 965); but where we differ from defendant in error is he did indirectly what he could not do directly, that is, took no judgment against M. Lasker after making him personally a party, and in effect discharged or dismissed him by taking no judgment against him. If he could not dismiss him, how could he refuse to take judgment against him? If he was a party which could not be dismissed, then he was a party which the judgment should dispose of in some way. We cite the following additional authorities as supporting our conclusions heretofore given in this case: Benge v. Panhandle Land Co., 145 S. W. 318; Benge v. Sledge, 132 S. W. 873.

The motion for rehearing is overruled.