## McKAY v. HINES et ux.   (No. 1618.)

(Court of Civil Appeals of Texas.   Amarillo. March 3, 1920.)

Appeal and error ⬅79(1)—Judgment not disposing of all parties not final.

In action to cancel oil lease, judgment ordering cancellation of lease as to two of the defendants, but making no disposition as to a third defendant's interest in the lease, *held* not appealable, not being a final judgment.

Appeal from District Court, Clay County; Wm. N. Bonner, Judge.

Action by W. B. Hines and wife against L. McKay, in which W. A. Scott and W. K. Whipple appeared and answered as defendants. From the judgment rendered, defendant McKay appeals. Appeal dismissed.

Wood & Wood, of Dallas, and Stine & Stine, of Henrietta, for appellant.

Taylor, Allen & Taylor, Wantland & Dickey, and L. W. Parrish, all of Henrietta, for appellees.

HUFF, C. J. W. B. Hines and wife sued L. McKay to cancel a lease, alleged to have been obtained by fraudulent representations without consideration paid, and alleging the same was void because an option and unilateral, and that the land was the homestead, and in the lease thereof the wife did not join her husband in the body of the instrument, etc. L. McKay answered, alleging, among other things, that he assigned to W. A. Scott and W. K. Whipple an undivided one-half interest in the leasehold rights in the lease. Scott and Whipple appeared and answered as defendants, by permission of the parties and the court, adopting the answer of McKay.

The judgment decrees that Hines and wife

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

are entitled to a cancellation of the lease contract, and it was ordered that the lease be canceled as to W. A. Scott and W. K. Whipple, and that defendant pay all costs, to which the defendant excepted, and gave notice of appeal, etc. The judgment makes no disposition as to McKay or of his interest in the lease. This is not a final judgment, and this court is without jurisdiction by virtue of this appeal. This case will therefore be dismissed. Wichita Mill & Elevator Co. v. Burrus, 164 S. W. 16.