## AMARILLO–PANHANDLE DEVELOPMENT CORPORATION v. ELLIS et al. (No. 3095.)

Court of Civil Appeals of Texas. Amarillo.
Oct. 31, 1928.

734

Lee P. Pierson and Underwood, Strickland & Thomerson, all of Amarillo, for appellant.
James Spiller, of Wortham, for appellees.

HALL, C. J. On September 12, 1928, this court affirmed the judgment rendered for the appellees on March 2, 1928, in the district court of Carson county.

The appellant, joined by the sureties on its supersedeas bond, has moved this court to set the judgment of affirmance aside and to dismiss the appeal for the reason that the judgment of the trial court is not a final judgment in that it fails to dispose of all the parties and issues, and is rendered for a party plaintiff, who is not mentioned in the petition.

The suit was filed by J. F. Ellis and numerous other plaintiffs against the appellant, a foreign corporation, and the Panhandle Bank, a private banking firm composed of numerous partners named in the petition. The return on the citation, which is made a part of the record, shows that the Panhandle Bank was served by serving a copy of the citation on F. A. Paul, its president.

The court rendered a judgment in favor of the plaintiffs named in the petition, except Mrs. Willie O'Neal. "Carpenter Dry Goods Company, a partnership composed of W. P. Stepkin and Ira L. Carpenter," are named as plaintiffs. The judgment is rendered in favor of Carpenter Dry Goods Company instead of in favor of the individual partners composing the firm. Since the judgment can be reformed by reference to the pleadings, this defect might be cured in this court. As stated, Mrs. Willie O'Neal is not mentioned in the judgment, but a recovery is decreed in favor of O'Neal Abstract Company in the sum of $166.53 and the further sum of $83.47.

It is suggested in reply to the motion that the O'Neal Abstract Company is not a corporation but is an abstract business owned and operated by Mrs. Willie O'Neal under the trade-name of O'Neal Abstract Company. This is doubtless true, but these facts do not appear from the record, and we have before us a judgment which does not dispose of Mrs. Willie O'Neal's rights, and, on the other hand, adjudicates the rights of a party who is not named either as plaintiff or defendant in the petition. Dunlap v. Southerlin, 63 Tex. 38.

To be final and appealable, a judgment must dispose of all the issues as to all the parties, and a judgment in favor of some plaintiffs but in nowise disposing of the rights of others is not final Benge v. Sledge, 62 Tex. Civ. App. 301, 132 S. W. 873; Green v. Brown (Tex. App.) 15 S. W. 37; Bell v. Vanzandt, 54 Tex. 150: Western Grocery Co. v. K. Jata & Co. (Tex. Civ. App.) 173 S. W. 518.

As stated, the judgment is against the Panhandle Bank, a private banking firm composed of numerous partners. The citation was served upon Paul, the president. No citation was served upon any other member of the banking firm.

R. S. art. 2033, provides:

"Citations served upon one member of a partnership or firm shall be sufficient to authorize a judgment against the firm and the partner actually served."

R. S. art. 2223, provides:

"Where the suit is against several partners jointly indebted upon contract, and the citation has been served upon some of such partners but not upon all, judgment may be rendered therein against such partnership and against the partners actually served."

█ No judgment was rendered against Paul, nor is it shown by the record that the plaintiff took a nonsuit as to him. "Where a judgment is taken against a partnership as such and not against the individual partners, no judgment against the latter is presumed; failure to adjudicate against them as individuals being in effect a denial of such relief." Mallory et al. v. Russell (Tex. Civ. App.) 242 S. W. 1112.

█ Under the allegations in the petition, the plaintiffs were entitled to recover against Paul. No reason being stated in the decree why judgment was not rendered against him, the effect is to deny plaintiff the relief prayed for. So this issue is not disposed of. Benge v. Sledge, supra.

█ In the case of Glasscock v. Price, 92 Tex. 271, 47 S. W. 965, the Supreme Court said that: "Where suit is dismissed as to one member of the firm and personal judgment rendered against the others, a judgment against the partnership property also is of no effect. * * *" A dismissal as to him (Lyles), though recited as to him in his individual capacity, is a dismissal as to him as partner of the firm, and thereafter the court is without jurisdiction to render judgment against him either in his individual or his partnership capacity.

The same doctrine is announced in Frank v. Tatum, 87 Tex. 204, 25 S. W. 409, where the Supreme Court said:

"When the suit was dismissed as to all the members of that firm except A. B. Frank, the court had no further authority to enter judgment against the partnership or its property, and there remained no issue between plaintiff and that firm which the court could adjudicate under the pleadings."

In the case of McManus v. Cash & Luckel, 101 Tex. 261, 108 S. W. 800, 803, the action was against the firm of Moor & McManus. After McManus filed his answer, the plaintiff sought a continuance, and in order to get rid of him the plaintiff dismissed as to him and had the cause continued as to Moor. The court said:

"It is very clear that no judgment could be taken against him [McManus] individually after the cause had been dismissed as to him. Could it be taken against him as a partner of the alleged firm? We think not. The dismissal as to him it seems to us was a dismissal as to him in his individual capacity, but also a dismissal as to any supposed liability on his part as a member of the alleged firm. He was no longer in court, and any judgment against him in any capacity was in effect a judgment without service, and was therefore void."

In discussing these cases in the late case of Burton et al. v. Roff et al. (Tex. Com. App.) 292 S. W. 159, Judge Speer said:

"A copartnership with us is not a legal entity capable of suing or being sued as such. By force of our statutes and the decisions interpreting them, a plaintiff by suing all the members of a defendant firm may have such judgment as will authorize satisfaction out of the partnership property, which, in a qualified sense, is against the partnership or firm and against the individual members served, but he is not entitled to a judgment individually against those partners not served. A dismissal of, or, what is the same thing, a failure to sue, some of the members will prevent a judgment against the partnership property, but does not forbid a judgment against the individual sued as a partner."

Having failed to take judgment against Paul, the partner in the bank who had alone been served with citation, and having failed to serve any other member of the firm with process, the judgment against the Panhandle Bank, it seems, should not have been rendered.

█ To bring the members of the partnership constituting the Panhandle Bank firm before the court, it was not only necessary that a pleading be filed naming them as defendants, but it is further necessary that process issue and be served upon them, giving them notice of the cause of action to which they were sought to be made parties. Edinburg Irrigation Co. v. Paschen et al. (Tex. Com. App.) 235 S. W. 1088; Dunlap v. Southerlin, 63 Tex. 38.

The record fails to show that any of the partners except Paul were ever served.

For the reasons stated, the motion to set aside the judgment of affirmance is granted, and, because the judgment appealed from is not final, this court has not acquired jurisdiction, and the appeal is dismissed.