## ROGERS et al. v. ALLEN.

### No. 1404.

Court of Civil Appeals of Texas. Eastland.

March 1, 1935.

Rehearing Denied March 22, 1935.

J. T. Spencer, of Waxahachie, for appellants.

J. C. Lumpkins and A. D. Emerson, both of Waxahachie, for appellee.

LESLIE, Justice.

Hosea Rogers and J. J. Rogers instituted this suit to restrain W. T. Allen and others from making sale under execution of certain

seed cotton. Temporary injunction was granted November 13, 1933, and thereafter, on May 10, 1934, at a regular term, the court, upon full hearing, dissolved the injunction. The plaintiffs appeal contending that the execution is based upon a void judgment.

These contentions arise out of the following facts: W. T. Allen, the owner of a past-due note executed and delivered to him by the plaintiffs, delivered the same to the justice of the peace for the purpose of instituting suit thereon for the unpaid balance, and the justice of the peace in issuing the citation made a clerical error in writing the name of the plaintiff "J." T. instead of "W." T. Allen. The error seems to have passed into the judgment as recorded. In all other respects the proceedings before the justice of the peace were regular. The defendants, though duly served with citation, defaulted, and judgment was taken against them October 31, 1932, for the unpaid balance of the note. An execution issued on the judgment November 11, 1932, and a second one September 4, 1933, and levied November 2, 1933, on the seed cotton.

No contention is made that W. T. Allen did not own the note and in fact instituted the suit; that the note is not past due and unpaid; or that the Rogers do not owe it. They do not claim to have any character of defense to the note, or that they were in any way misled as to the time of the trial, etc.

After the rendition of the judgment it was discovered that W. T. Allen's name had been written "J." T. Allen. Thereupon, appellee Allen, by motion on or about December 13, 1932, made that fact known to the justice of the peace and sought a correction thereof. On that date the justice of the peace issued notices to the defendants commanding them to appear on December 26, 1932, at a regular term of the court, to show cause, if any they had, why plaintiff's name should not be changed in the judgment, etc., from "J." T. Allen to "W." T. Allen. This notice was on the same date duly served on each of the defendants. On December 26, 1932, the justice of the peace, upon hearing and in response to the motion to correct, made the following order and noted same on his docket: "Motion of plaintiff granted and initial 'J.' changed name of plaintiff to 'W.'" The court thereupon erased the "J." in the plaintiff's name from the original judgment and inserted in lieu thereof the "W.," thus making the judgment, etc., run in the name of W. T. Allen. Thereafter, on September 4, 1933, alias execution was issued on the corrected judgment. The appellants' exception

to this proceeding seems to rest largely, if not altogether, on the proposition that the justice of the peace made the correction in the original judgment rather than by a re-entry of that judgment as corrected. It is contended that the original judgment is now "void," or that the action of the justice of the peace, as indicated, "invalidated" the original judgment.

We overrule these contentions. In the correction of such mistakes in a judgment, doubtless it would be the better practice to re-enter the corrected judgment nunc pro tunc, but a correction by erasure or interlineation does not destroy the judgment. Benge v. Panhandle Land Co. (Tex. Civ. App.) 145 S. W. 318; 25 Tex. Jur. p. 141, § 146, vol. 1, Freeman on Judgments, § 173, p. 51. Considering the notice given, the hearing had, and the notation entered on the docket as a basis for the amendment, the correction appears to have been made with a degree of care and accuracy not ordinarily found in the proceedings of a justice court. As between the parties, the judgment as corrected related back and operated as of the date originally rendered. 25 Tex. Jur. p. 435, § 67 et seq.; 34 C. J. p. 251, § 482.

Under the proceedings had and in the light of the original record before the justice of the peace, the manner in which the judgment was corrected conforms to the procedure in such cases as prescribed by articles 2228, 2229, and 2230, Vernon's Ann. Civ. St. O'Neil v. Norton (Tex. Com. App.) 33 S.W. (2d) 733; Duncan v. Marlin Motor Co. (Tex. Civ. App.) 41 S.W.(2d) 740; Bray v. City of Corsicana (Tex. Civ. App.) 280 S. W. 609.

Also, the court had the inherent power under the circumstances and the method pursued to make the correction sought. Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Dowdle v. United States F. & G. Co. (Tex. Com. App.) 255 S. W. 388; Ft. Worth & D. C. R. Co. v. Roberts, 98 Tex. 42, 81 S. W. 25; 25 Tex. Jur. 540, § 145 (note 3); p. 528, § 134; p. 440, § 70 (note 20).

Further, if the matter of misnomer of the plaintiff was, or could have been of any value to the defendants, they should have appeared and raised the question in order to avoid waiving the point. Brockman v. Echols (Tex. Civ. App.) 22 S.W.(2d) 686; Shaw v. Adams, 2 Willson, Civ. Cas. Ct. App. § 177; Abilene Ind. T. & T. Co. v. Williams, 111 Tex. 102, 229 S. W. 847; Tryon v. Butler, 9 Tex. 553; Tousey v. Butler, 9 Tex. 525; McNairy v. Castleberry, 6 Tex. 286; Whittinghill v. Oliver (Tex. Civ. App.) 38

S.W.(2d) 896; 1 C. J. p. 121, § 191. Not having so raised the question, the right to object to this judgment as originally entered would seem to have been waived.

For the reasons assigned, the judgment of the trial court is affirmed. It is so ordered.