## GOODYEAR TIRE & RUBBER CO. v. PEARCY.
### No. 1408.

Court of Civil Appeals of Texas. Eastland.
March 8, 1935.

Oxford & McMillan, of Stephenville, for appellant.

Chandler & Chandler, of Stephenville, for appellee.

HICKMAN, Chief Justice.

The appeal is from an order overruling the motion of appellant to dissolve a temporary injunction. In December, 1932, appellant instituted suit in the justice's court of precinct No. 1, Dallas county, against appellee on an open account. Citation was duly issued and served, returnable on January 9, 1933, at 10 o'clock a. m. A plea of privilege in statutory form was executed by appellee and mailed to the justice of the peace, but the records of his court disclose that this plea was received at 3 o'clock p. m. on January 9, 1933, several hours after default judgment had been rendered.

In entering the default judgment a clerical error was made in the recital of appellee's initials. The citation correctly gave appellee's name as A. R. Pearcy, but in the recording of the judgment these initials were reversed, and his name was given as R. A. Pearcy. Later, appellant filed some character of motion in the justice court to correct this error. The record does not disclose the contents of this motion. The notice issued thereunder and served upon appellee commanded the officer to notify him to be and appear before the said justice's court on the 8th day of April, A. D. 1933, at 10 o'clock a. m., to show cause why the judgment rendered in said cause on January 9, 1933, should not be set aside, as same was "erroneous and void for the reason, as shown by the pleadings and citation, said judgment should have been rendered against A. R. Pearcy instead of R. A. Pearcy." The notice contained this further language: "Wherefore, plaintiff prays that defendant appear on the 8th day of April, A. D. 1933, and show why said judgment should not be set aside and proper judgment be rendered against A. R. Pearcy, trading as Pearcy Service Station." In response to this notice appellee executed and forwarded to the justice of the peace another plea of priv-

ilege. On the day named in the notice the following order was entered in the justice's court:

"This the 8th day of April A. D. 1933, came regularly on to be heard, after due notice, the plaintiff's motion to *recct* judgment in the above entitled and numbered cause, and came plaintiff and announced ready for trial, and the defendant though having been duly and legally served failed to enter his said appearance for said motion, and the court having heard the pleadings, evidence and argument of counsel, is of the opinion and finds, that said motion should be sustained.

"It is accordingly ordered adjudged and decreed by the court, that said motion be and the same is hereby sustained, and that the plaintiff, the Goodyear Tire & Rubber Company, a corporation, do have and recover of and from defendant A. R. Pearcy, and Pearcy Service Station, the sum of $105.02, with interest thereon from this date at the rate of 6% per annum, and for all costs of suit, for all of which let execution issue."

Thereafter an alias execution was issued to Erath county and forwarded to the sheriff, who levied upon certain personal property of the appellee. Upon the petition of appellee, a temporary writ of injunction was issued, restraining appellant and the sheriff from selling, and offering for sale, the property levied upon until the further order of the court. Thereafter, appellant filed its motion to dissolve the temporary writ of injunction, and a hearing was had thereon resulting in an order overruling same and denying any relief, from which order this appeal is prosecuted.

■ It is evident that the error of the justice of the peace in entering judgment against R. A. Pearcy instead of A. R. Pearcy was clerical, and not judicial. On March 1, 1935, we released an opinion in the case of Hosea Rogers et al. v. W. T. Allen, 80 S.W.(2d) 1085, in which the plaintiff's name was given as J. T. Allen when it should have been W. T. Allen. After the mistake was discovered, a motion was made to correct the error and the justice of the peace erased the initial "J." in the judgment and inserted in lieu thereof the initial "W." The contention was made that the court was without power thus to alter its judgment, but it should have re-entered the judgment. Since that opinion has not yet been published, we quote the language employed by us in disposing of that contention: "We overrule these contentions. In the correction of such mistakes in a judgment, doubtless it would be the better practice to re-enter the corrected judgment nunc pro tunc, but a correction by erasure, or interlineation does not destroy the judgment. Benge v. Panhandle Land Co. (Tex. Civ. App.) 145 S. W. 318; 25 Tex. Jur. p. 141, § 146; Vol. 1, Freeman on Judgments, § 173, p. 51. Considering the notice given, the hearing had, and the notation entered on the docket as a basis for the amendment, the correction appears to have been made with a degree of care and accuracy not ordinarily found in the proceedings of a justice court. As between the parties, the judgment as corrected related back and operated as of the date originally rendered. 25 Tex. Jur. p. 435, § 67, et seq.; 34 C. J. p. 251, § 482."

■ In the instant case the court followed with fair accuracy what we there designated as the better practice. A court has the inherent power at a subsequent term to correct clerical errors in the entry of its judgments. Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Rogers v. Allen, supra.

■■ By article 2228, R. S. 1925, express statutory authority to make such corrections during a subsequent term is granted, and in the next succeeding article, 2229, authority is conferred to make such corrections during vacation. These articles appear under the title relating to the practice in district and county courts, but, by the terms of article 2438, R. S. 1925, they are made applicable to justice's courts as well. Thompson v. Field (Tex. Civ. App.) 164 S. W. 1115. Manifestly the justice court was authorized, upon proper notice, to enter a correction of its judgment of January 9, 1933, on April 8, 1933, which correction would relate back to the date of the original judgment. The real question for decision, as we conceive it, is whether the notice served upon appellee was sufficient. It stated that the judgment of January 9th was erroneous and void, but the reason why it was claimed to be erroneous and void was disclosed; that reason being that it was rendered against R. A. Pearcy instead of A. R. Pearcy. The notice showed that the motion prayed that the prior judgment be set aside, but appellee was charged with knowledge of the law that the court had no power to enter an order at a subsequent term setting aside its prior judgment merely because in its entry the initials of the defendant were reversed. This notice was sufficient to apprise appellee of the fact that some character of entry within the power of the court was to be made on April 8, 1933, and, since the statutes do not prescribe the requisites of such a notice, we have conclud-

·ed that it was sufficient to authorize a correction of the judgment.

 It is pointed out that the judgment of April 8, 1933, provided for interest from that date rather than from January 9, 1933. Of course, this was error, but it was not substantial, and was in appellee's favor. In our opinion the proper interpretation of the whole proceeding is that the order of April 8th had the effect of correcting the clerical error in the judgment of January 9th, from which it follows that the execution of the judgment should not have been enjoined.

 Further, appellee had an adequate remedy at law. At the time the petition for injunction was filed, he could have had the judgment of the justice's court reviewed by writ of certiorari. The judgment was not absolutely void, and appellee should have resorted to his legal remedy instead of going into another court and seeking equitable relief. Thacher Med. Co. v. Trammell (Tex. Civ. App.) 279 S. W. 307; Mills v. Disney (Tex. Civ. App.) 54 S.W.(2d) 596; Belknap Hdw. Co. v. Lightfoot (Tex. Civ. App.) 75 S.W. (2d) 481; Murry v. Citizens' State Bank of Ranger (Tex. Civ. App.) 77 S.W.(2d) 1104; and Reynolds v. Volunteer State Life Ins. Co., 80 S.W.(2d) 1087, released by this court on February 8, 1935.

The judgment of the trial court will be reversed, and the injunction dissolved.