KVETON v. FARMERS ROYALTY HOLDING CO. et al.

No. 11350.

Court of Civil Appeals of Texas. Galveston.

March 12, 1942.

584

Glenn & Hill, of Sealy, for appellant.

Hollis Massey, of Columbus, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the District Court of Austin County sustaining a motion by appellees to amend and correct the entry of a former judgment in said cause by new order nunc pro tunc.

In March, 1934, appellant, Mrs. Albert Kveton, filed suit in the District Court of Austin County for the recovery of one-half of the mineral rights in six tracts of land in Austin and Colorado Counties, Texas, because of alleged fraud. She alleged that she was the owner of said land and that on October 14, 1931, she had executed and delivered certain mineral deeds conveying one-half of the mineral rights therein to appellees, Farmers Royalty Holding Company and G. T. Blankenship. The lands involved were not further described in the petition with the exception of a tract of 200 acres, which was alleged to be the homestead of appellant and was described by reference to other deeds. On June 29, 1934, by written agreement of the parties, judgment was rendered in said cause fixing the mineral deeds sought to be cancelled by appellant as valid and subsisting deeds of conveyance. The agreed judgment recited that the lands comprehended within such agreement were described in an exhibit attached thereto. There was an exhibit attached to said judgment. However, it merely described the lands involved as being certain tracts of land situated in Austin and Colorado Counties. On April 19, 1941, appellees filed their motion in the original cause to amend and correct the former entry of said judgment by new entry nunc pro tunc correctly describing the land involved in the original suit. They alleged in the motion that through mistake or inadvertence the description of the land comprehended in the original judgment was omitted from the minutes of the trial court. The trial court sustained said motion and ordered a new entry made nunc pro tunc containing a correct description of the lands comprehended in the original judgment. Appellant has appealed from this order.

■ While the courts of this state must follow the provisions of the statutes relating to the time and manner of entering a judgment, in a case where a court has, in fact, pronounced and rendered a judgment which for any reason has not been properly entered and which does not truly reflect the facts, the court has the inherent power and authority, under proper request or upon its own motion, with proper notice to the interested parties, to enter such judgment nunc pro tunc and the lapse of time will not affect such right or authority except in cases where the rights of third persons and innocent purchasers have intervened. Hays v. Hughes, Tex.Civ.App., 106 S.W.2d 724; Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; Matthews et al. v. Looney et al., Tex.Civ.App., 100 S.W.2d 1061; Corbett v. Rankin Ind. School District, Tex.Civ.App. 100 S.W.2d 113; Goodyear Tire & Rubber Co. v. Pearcy, Tex. Civ.App., 80 S.W.2d 1096; 25 Tex.Jur., Sec. 69, p. 438, and Sec. 134, p. 528.

■ In the instant case, the error complained of was manifestly a clerical and not a judicial error. The written agreement upon which the original judgment was based recited that the parties had entered into an agreement for the entry of the judgment in the case, and outlined what the substance of the judgment should be. Certified copies of the mineral deeds dated October 14, 1931, executed by appellant and conveying to appellees the mineral rights in the land involved in the original action with descriptions thereof, were attached to the nunc pro tunc order sought to be entered. Appellant testified that the land sought to be described by the nunc pro tunc entry was the land referred to in her petition in the original suit, that she had agreed that it should be included in the original judgment and that she had not

signed any other deeds conveying interest in lands to appellees on October 14, 1931. It is shown conclusively by her testimony that the terms of the judgment were agreed upon and that the nunc pro tunc order correctly reflected the intention of the parties in entering the original judgment. It is not shown that rights of third persons or innocent purchasers have intervened.

It follows from above conclusions the judgment of the trial court must be in all things affirmed.

Affirmed.